Van Scoter *v.* Lefferts.

*D*

## VAN SCOTER *vs.* LEFFERTS.

A person can not sell a debt against himself, to another.

A debtor has no interest in debts owing by him, which he can transfer. The property and interest in a demand belongs wholly to the creditor, and the debtor has no authority or control over it.

A demand due from a person to himself and another as partners, is, to the extent of his own interest in it, no debt against him.

Accordingly, where a member of a copartnership sold and assigned to another "all his interest in and to the property, goods, wares and merchandise and debts belonging to the firm;" *Held* that a debt owing by himself to the firm did not pass by the assignment; the "interest" of the assignor being only what remained over and above the amount of his indebtedness to the firm.

THIS was an action brought by the plaintiff to recover of the defendant a balance claimed to be due from the defendant for goods purchased by the defendant from the firm of Smith & Lefferts, while the defendant was a member of that firm. The complaint alledged that the defendant was indebted to the plaintiff on the 30th day of December, 1848, for goods, wares and merchandise, before then sold and delivered to the defendant, and interest thereon, in the sum of $488,05. For that on the 13th day of February, 1840, the defendant was an equal partner with one Andy L. Smith, in selling goods, &c. at Hornellsville, in the county of Steuben, under the firm and name of Smith & Lefferts, and on the said 13th day of February, the

Van Scoter *v.* Lefferts.

defendant, for a valuable consideration, sold, assigned and transferred all his interest in and to the property, goods, wares and merchandise and debts belonging to the said firm, to Philander Hartshorn ; and that at the time of such sale and assignment, the defendant was indebted to the firm of Smith & Lefferts for goods, wares and merchandise sold to the defendant by said firm, in the sum of $301. That said sum was then justly due from the defendant to said firm ; and that one equal half thereof was, by such assignment, sold and transferred to said Philander Hartshorn, the other half belonging to said Andy L. Smith ; and that on the 21st day of September, 1847, said Andy L. Smith, for a valuable consideration sold, assigned and transferred to said Philander Hartshorn all his interest in and to said sum of money and debt against the defendant, and on the 20th day of April, 1848, said Philander Hartshorn, for a valuable consideration, sold, assigned and transferred the said debt and claim to the plaintiff, who thereby became the sole owner thereof.

An answer was put in, to which the plaintiff replied, and the cause was referred to a sole referee ; who reported in favor of the plaintiff for the amount of his claim, including interest ; and judgment being entered for the plaintiff, at the special term, the defendant appealed.

*Reynolds & Brundage,* for the appellant.

*J. K. Hale,* for the respondent.

*By the Court,* JOHNSON, J. Assuming, without any particular examination, that all the questions of fact were properly found and disposed of by the referee, there is a question of law, arising upon these facts, in which the referee manifestly erred.

On the 13th day of February, 1840, the defendant was a partner of one Smith, in selling goods, and on that day he sold to one Hartshorn all his interest in the partnership property and effects, for a certain sum, Hartshorn agreeing to pay his proportion of all the partnership debts, due from the firm of Smith & Lefferts. The defendant's interest in the stock in trade was

greater than that of his partner, by $1000, and this interest was purchased by Smith & Hartshorn jointly. An assignment in writing was made, and the books were examined, by which it appeared that the defendant had put into the firm $ 9,467,81, and that he had withdrawn in cash at various times, $1075,11. Nothing was said about any account on the partnership books against the defendant. The new firm went into operation immediately, and Hartshorn subsequently discovered there was an account against the defendant, upon the books of the firm, amounting to $301,00 for goods taken by and charged to him. Whether there was any corresponding account on the books against Smith to balance this, does not appear, and in the absence of all proof the presumption is that there was none. Smith subsequently assigned his interest in this book account to Hartshorn, and Hartshorn transferred it to the plaintiff.

The referee decided that the plaintiff was entitled to recover the whole sum of $301, with interest, amounting in all to $422,21.

It seems to me quite manifest that in no view of this case could the plaintiff recover the whole of this account. Hartshorn never had any interest in this account till Smith assigned him his interest. Hartshorn only purchased the interest the defendant had in the firm at the time of the sale, and not that which he had previously drawn from it. It would be a legal absurdity to say that a person sold a debt against himself to another. The debtor has no interest in debts against him, which he can transfer. The property and interest in a demand belongs wholly to the creditor, and the debtor has no authority or control over it.

Assuming that this $301 had been taken from the joint stock, before the sale, what was then the state of the case as between the defendant and his partner Smith ? If their interests were equal, the defendant would be liable to pay Smith just one half the amount, and would be entitled to retain the other ; he being joint owner of the property taken. Hence it follows that if Hartshorn was really deceived as to the existence of this account against the defendant for goods, the interest which he acquired by his purchase was just $150,50 less than what he expected or

Van Scoter *v.* Lefferts.

supposed it to be. He took what interest the defendant then had, and no more. For this amount the defendant may be liable in some other form of action, as for fraud in the sale, or upon a warranty as to the extent of his interest : but it is clear that no such interest was acquired by Hartshorn by his purchase. He took by that precisely the interest and rights which the defendant would have been entitled to on a settlement and adjustment of all the partnership matters between him and Smith at that time, and no other or greater. Smith and Hartshorn constituted an entirely new and different firm. The former partnership was at an end when the defendant sold out his interest.

There is some evidence to show that the defendant had promised to pay this amount, and that promise may be good so far as the amount due Smith was concerned. But for any thing beyond that, it would be entirely without consideration and void. He owed nothing beyond that. It is perfectly obvious that a demand due from the defendant to Smith and himself as partners is no debt against him, to the extent of his own interest in it.

There are several other questions in the case which do not affect the result, in the view I have taken, and it is unnecessary to notice them. We might dispose of this case by ordering a new trial unless the plaintiff should consent to strike out one half of his recovery, and in the event that he did so, permit the judgment to stand for the balance. But as the case seems to have been tried entirely upon erroneous notions as to the right of all the parties at the termination of the first partnership, I think the ends of justice will be better subserved by ordering a new trial. Judgment of special term reversed. New trial ordered. Costs to abide event.

[MONROE GENERAL TERM, June 3, 1851. *Welles, Selden* and *Johnson,* Justices.]