HEADLEY v. SHELTON.

CONTRACT.—*Construction.*—A. and B., partners in trade, made a written agreement, whereby the former, in consideration of a certain sum of money to be paid him, and of a certain amount of goods to be.withdrawn by him from the stock of the firm, and of the assumption by the latter of all contracts and debts of the firm, sold and transferred to B. all

the interest of A. in the assets of the firm, including money on hand, notes, accounts, stock, machinery and material, the instrument reciting that the object and purport of the contract was the withdrawal of A. from the firm and the release of A. by B. "from any and all liabilities on account thereof," and that if B. should fully and completely release A., in accordance with the provisions of the contract, the sale should be valid and binding in law, else void and of no effect.

*Held*, in an action by A. against B., on said contract, to recover said sum of money as stipulated therein, that A. was released by said contract from all liability on account of any claim against him or debt due from him in favor of said firm, as well as released from and secured against any liability of the firm to any other person.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. S. Shirley*, for appellant.

*C. F. McNutt* and *G. W. Grubbs*, for appellee.

PETTIT, J.—The appellant, James M. Headley, sued the appellee, Joseph R. Shelton, on the following agreement:

" In consideration of the sum of five hundred dollars cash in hand paid, the receipt whereof is hereby acknowledged, and the further consideration of the sum of five hundred dollars in stock, to wit, boots, shoes, leather, machinery, lasts, etc., of that value, to be by me drawn out of the stock, material, etc., now on hand and belonging to the firm of Shelton & Headley, or Shelton, Headley & Co., and also the further consideration that my present partner, the said Joseph R. Shelton, shall pay or cause to be paid and completely discharged all contracts or orders for goods, given in the name of Shelton & Headley, or Shelton, Headley & Co., and also all outstanding debts and liabilities and obligations of whatever nature due or yet to become due in bank, or out of bank, for rents or labor, stock in trade, or raw material, or which is now or may hereafter become a charge against either of the firms aforesaid, thereby saving me, James M. Headley, harmless on account thereof, I, James M. Headley, have this day bargained and sold, and do hereby deliver unto Joseph R. Shelton, all my right, title and interest in and to all and several the assets of said firm or firms, including money on hand, notes, books,

accounts, stock, machinery and material on hand, or to be received on any order now outstanding; the receipt whereof is hereby acknowledged by the said Joseph R. Shelton. The object and purport of all which is the withdrawal of said Headley from said firm or firms, and the release of said Headley by said Shelton from any and all liabilities on account thereof.

"Now, if the said Shelton shall fully and completely release said Headley in accordance with the provisions of this instrument, this sale shall be valid and binding in law, else to be void and of no effect.

"Witness our hands and seals this 5th day of December, 1872.     .

"J. M. HEADLEY.

"J. R. SHELTON."

The only breach of the contract which is complained of is the non-payment of the five hundred dollars in money. There were issues formed, after various rulings on the answers and replies, but these need not be further noticed, for the reason that the special findings and the conclusions of law on them cover all the questions raised by or on the pleadings. If the conclusions of law on the special findings are right or wrong, the same must be said of the rulings in making up the issues.

The case was submitted to the court for trial, and on the request of the plaintiff, the court specially found the facts and the conclusions of law on them as follows:

"1. That on the —— day of June, 1871, plaintiff and defendant entered into partnership to manufacture, purchase and sell boots and shoes.

"2. That plaintiff put into the business a stock of tools, leather, etc., to the amount of four hundred and eighty-seven dollars and fifty cents, and defendant furnished the balance of the capital, amounting to about four thousand dollars.

"3. That they were to be equal partners and share in profits and losses, when the plaintiff furnished his share of capital, which he never did.

Headley *v.* Shelton.

"4. That the entire business done by the firm, the partnership having continued near eighteen months, embracing manufactured and purchased goods and sales over twenty-five thousand dollars.

"5. That during the time the parties were in partnership, the plaintiff received in money and goods from the money and stock of the partnership the amount of four hundred and sixty-three dollars and ten cents, which was charged to him on the books of the partnership, and the defendant in like manner received, and there was charged to him on the same books, over one thousand dollars.

"6. That afterwards, on the 5th day of December, 1872, plaintiff and defendant entered into and made the following agreement in writing, viz. : " (The contract is set out above.) "And plaintiff retired from the firm and received from the firm in stock and goods the amount he had originally put in, to wit, four hundred and eighty-seven dollars and fifty cents. But that the defendant paid to plaintiff no part of the five hundred dollars cash, recited in said agreement, and payment whereof is, by the terms of said agreement, acknowledged by plaintiff.

"7. That afterwards, and before this action was brought, plaintiff demanded of defendant five hundred dollars in money, being the five hundred dollars cash recited in said agreement as received by plaintiff, claiming he was, in addition to the stock and goods he had received, entitled to five hundred dollars in money under and according to the said written agreement; but that defendant then offered to pay plaintiff in money, and tendered plaintiff in lawful money, thirty-six dollars and ninety cents, claiming that the sum so tendered was all that was due to the plaintiff; that the sum so tendered, with plaintiff's account due the firm and standing on the firm books, amounted to five hundred dollars.

"8. That plaintiff and defendant's accounts were standing on the firm books when said agreement was made and when plaintiff demanded the five hundred dollars in money; plain-

tiff refused the tender; and the court finds, as a conclusion of law from the facts so found, in favor of the defendant, that the assignment of the notes, books and accounts by plaintiff to defendant by the said written agreement covered and transferred the account of plaintiff on the books of the firm to the defendant, and the said account of plaintiff thereon became and was a valid claim in favor of defendant against plaintiff; and that the amount tendered by defendant to plaintiff added to the amount of the plaintiff's said account equalled the demand of the plaintiff. Therefore the plaintiff has no cause of action and no right to recover in this action. To which conclusion of law by the court the plaintiff at the time excepted."

Was this a proper construction of the agreement, and are the conclusions of law correct? We think the whole spirit and tenor of the agreement leads to a different conclusion, and the following parts of it leave us no ground to doubt the meaning and intention of the parties: "The object and purport of all which is the withdrawal of said Headley from said firm or firms, and the release of said Headley by said Shelton from any and all liabilities on account thereof."

"Now, if said Shelton shall fully and completely release said Headley, in accordance with the provisions of this instrument, this sale shall be valid and binding in law, else to be void and of no effect."

We hold that Headley was released by Shelton from all liability on account of any claim against or debt due from Headley to the firm, as well as being released from, and secured against, any liability on any debt or claim due or owing from the firm to any other person or persons.

The judgment is reversed, at the costs of the appellee, with instruction to sustain the demurrers to the second, third, fourth and fifth paragraphs of the answer.