## 11714.　SILVER v. SHOOB.

Ordinarily, a partner's sale of all his rights, title, and interest in the firm
　to his copartner relieves the seller from all liability to the firm for over-
　draft or similar indebtedness. This case is not taken out of this gen-
　eral rule by the dissolution agreement and contract of sale set out in
　the petition. Construing the petition (as it must be construed) most
　strongly against the pleader, a mere conclusion of the pleader is stated
　by the allegation that it was "not intended, understood, or agreed by
　either of said parties that the said dissolution should wipe out or in
　any way affect the indebtedness of said defendant to said plaintiff as
　aforesaid."
The petition as amended failed to set out a cause of action, and the court
　properly sustained the general demurrer and dismissed the suit.

DECIDED DECEMBER 15, 1920.

Complaint; from city court of Savannah — Judge Freeman.
June 16, 1920.

This was, according to the theory of the plaintiff in error, a suit
on an account stated for $6,084. The defendant demurred to the
petition generally and specially. The court sustained the demurrer
and dismissed the suit, and the plaintiff excepted. The petition as
amended alleged: that prior to the suit there was a partnership
between the plaintiff and the defendant, which commenced in the
year 1907 and was dissolved March 1, 1918; that a few days be-
fore the dissolution the partners "with the assistance of their
bookkeeper, Mr. Dave Dukes, made a thorough examination of the
personal accounts of the partners, and it was then and there
agreed that the said defendant was indebted to petitioner for
overdrafts, and on an accounting between said partners, in the
sum of $6,084;" that, as a result of this accounting and on the
day on which it was had, the partners signed an agreement which
recited that "the overdraft from said business which has accumu-
lated within the last six years against the party of the second part
[the defendant], which amounts to the sum of $6,084.00 at the
present time, is to be settled by the payment to the party of the
first part [the plaintiff] of 25% of said amount, to wit, the sum
of $1,521.00 out of the half of the proceeds which falls to the lot
of the party of the second part, and which payment is hereby
fully assented to by the party of the second part." It was alleged
that this agreement "was never carried out and was rescinded by
mutual consent." It appears also from the petition, that eleven

days after this agreement was entered into, the partnership was formally dissolved and a settlement had, the defendant selling his half interest in the business to the plaintiff. The bill of sale, or conveyance, is set out in the petition, and is as follows: " Whereas the said parties have heretofore conducted a furniture business, as copartners, at 149-151-153 West Broad Street, in the city of Savannah, said county and State, under the firm name of Shoob and Silver and the said parties have this day agreed to dissolve the said partnership of Shoob and Silver, upon the terms and conditions hereinafter stated, now then this agreement witnesseth, that the said party of the first part, for and in consideration of the sum of three thousand ($3,000.00) dollars to him in hand paid by the said party of the second part, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has bargained and sold and does hereby bargain, sell and deliver unto the said party of the second part and to his heirs and assigns, all of the right, title, and interest of the said party of the first part in and to the said furniture business heretofore conducted by said partnership at 149-151-153 West Broad Street as hereinbefore indicated, and also at the warehouse located at 542 West Oglethorpe Avenue, in the city of Savannah, said county and State, including all stock, fixtures, outstanding accounts, leases and good will of the said business and everything else belonging to or connected with the said partnership business. Said party of the first part warrants his title to an undivided half interest in said partnership business, and further warrants that there are no claims or incumbrances outstanding against his interest in said business or against him, whereby the title or possession of any interest in any of the property hereby sold can be in any manner impaired or affected. Said party of the first part hereby releases the said party of the second part, his heirs and assigns, from any and all claim of every kind, character, and description whatsoever. Said party of the first part further warrants and expressly represents that he has incurred no obligation on the part of said partnership or for which the same partnership or any part of the partnership assets can be in any way liable, outside of the regular partnership obligations listed in the stock taking, which does not exceed ($1,050.00) one thousand and fifty dollars. In witness whereof the said party of the first part has hereunto set

his hand and seal the day and year first above written as to the date hereof."

*Bouhan & Herzog, Morris H. Bernstein, Simon N. Gazan,* for plaintiff in error.

*Aaron Kravitch, Lawrence & Abrahams,* contra.

BROYLES, C. J.   (After stating the foregoing facts.)   Under our view of the case it is unnecessary to discuss the ruling of the court on the special demurrer, since the general demurrer was properly sustained and the case dismissed.   That this is true is, we think, clearly shown by the dissolution agreement or bill of sale, which writing, it will be recalled, was a sealed instrument, conveying every right of the selling partner in and to all classes of assets of the partnership, including " stock, fixtures, outstanding accounts, leases and good will of the business, and everything else belonging to and connected with the said partnership business."   It also warranted the title to the selling partner's half interest in the partnership, and released the purchasing partner from any and all counter-claims.   Can it be justly said that the parties to such an instrument, conveying all the partnership assets, did not intend to include in the sale the $6,084 overdraft, which indebtedness was a chose in action and a part of the partnership assets?   We do not think so.   The law would not permit of any other construction.   In other words the legal principle controlling the final dissolution of a partnership, in exactly the manner in which the partnership in the instant case was dissolved, is clear and explicit, and leaves no doubt that when a final settlement of the partnership affairs is had, the party selling cannot, after dissolution, be legally charged by the party buying with any claims of an individual indebtedness of one of the partners due the old partnership, such indebtedness growing out of partnership transactions and not out of the partnership dissolution.   This rule is stated in 30 Cyc. 457, as follows: " Ordinarily, the sale to a copartner of all the rights, title, and interest of the selling partner in a firm carries with it to the purchaser all claims which the seller has against the firm, whether such claims be for capital and advances, or accumulated profits, *and it also relieves the seller from all liabilities to the firm for overdrafts or similar indebtedness."*   This rule may of course be

3

varied by the particular terms of the contract of sale. There is, however, nothing in the contract of sale under consideration which would take this case out of the general rule. See, in this connection, Beckley v. Munson, 22 Conn. 299; Kimball v. Walker, 30 Ill. 482, Taylor v. Coffing, 23 Ill. 273; Hattenhauer v. Adamick, 70 Ill. App. 602; Headley v. Shelton, 51 Ind. 388; Smith v. Evans, 37 Ind. 526; Pierce v. Ten Eyck, 9 Mont. 349 (23 Pac. 423); Fielder v. Beekman, (N. J. Ch.) 54 Atl. 156; Albright v. Voorhies, 36 Hun. 437; Finley v. Fay, 17 Hun. 67; Van Scoter v. Lefferts, 11 Barb. 140; New York Fourth Nat. Bank v. New Orleans &c. R. Co., 11 Wall. 624 (20 L. ed. 82).

In reaching this conclusion we have not been unmindful of the allegation in the petition that it was " not intended, understood, or agreed by either of said parties that the said dissolution should wipe out or in any way affect the indebtedness of said defendant to said plaintiff as aforesaid" This allegation, construed, as it must be, most strongly against the pleader, is rather a conclusion of the pleader than an affirmative statement of facts. If the petition had stated it was *expressly agreed* between the parties that the dissolution agreement should *not* wipe out or in any way affect the indebtedness due to the overdraft, a different question would be presented.

It follows from what has been said that the court did not err in sustaining the general demurrer and dismissing the suit.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*