## DOZIER v. DAVISON & FARGO.

1. Where under a written contract an agent, in consideration of one dollar per bale, the work done, and the obligations assumed, sold for his principal 100 bales of cotton at 12.53 cents per pound; and the agent guaranteed the delivery of the cotton to the purchaser, and the principal agreed to hold his agent harmless "for any loss by reason of such agreement," and the principal delivered only 37 of the 100 bales to the agent on his contract, by reason of which the agent had to purchase 63 bales of cotton at 14-3/4 cents per pound to place on his contract with the purchaser, and thereby sustained loss, and the agent brought suit against his principal for the loss thus sustained, *Held:* (*a*) The contract between the principal and the agent was not lacking in mutuality, and was therefore enforceable. (*b*) The agent could recover of the principal any loss he had sustained by reason of the latter's failure to deliver the cotton in accordance with the terms of the contract, and this regardless as to how the contract stood between the principal and the purchaser of the cotton, or as between the agent and the purchaser. (*c*) The principal was not entitled, as a matter of law, to payment for part of the cotton delivered at the time of delivery, but only on the delivery of all of the cotton sold.
2. A plea which sought to substitute a parol contract for the written was properly stricken on motion.
3. Parol evidence, the purpose of which was to change or vary the plain and unambiguous terms of a written contract, is not admissible.
4. The court did not err, under the facts of this case, in directing a verdict for the plaintiffs.

MAY 16, 1912.

Action for breach of contract. Before Judge Hammond. Columbia superior court. June 15, 1911.°

Davison & Fargo brought suit against W. P. Dozier for the alleged breach of the following contract entered into between them (formal parts omitted) : " (1) That the said party of the second part [plaintiffs] acting under the instructions of the party of the

first part [defendant], has made a contract in behalf of said party of the first part for the sale of fifty thousand pounds of lint-cotton, in merchantable bales, upon the terms and conditions hereinafter set out; and that said party of the first part hereby confirms and ratifies such sale. (2) The said cotton to be delivered at the warehouse of said party of the second part, in Augusta, Georgia, between October 1st and November 27th, 1909, such delivery to be made during the .time above specified, at the option of the party of the first part, bales to average 495 to 505 pounds per bale, to be in good merchantable order, and to be of grade between Augusta low middling and Augusta good middling, inclusive, at the price of twelve and 53/100 cents per pound (12.53) for Augusta middling, with deductions and additions for the other grades according to differences in effect at the Augusta Cotton Exchange at the date of delivery, the classification and weight to be settled on at Augusta, Georgia, under the rules of the Augusta Cotton Exchange. (3) It is distinctly understood and agreed between both parties hereto that this contract is for sale and delivery of actual cotton, and is not to be settled by difference in prices. (4) It is further agreed that the said party of the second part has, in order to effect such sale, guaranteed to the purchaser the delivery of such cotton; and that the said party of the first part hereby agrees to protect and hold harmless the said party of the second part for any loss by reason of such agreement, or by reason of any other obligations assumed hereunder. (5) The said party of the first part further agrees to pay to the said party of the second part, in consideration of the work done and the obligations assumed by the said party of the second part, one dollar per bale, which amount is to cover all charges for handling of such cotton in Augusta, Georgia, except freight and 5 cents per bale truckage. The party of the first part further agrees that at any time the said party of the second part may be called upon to put margins with purchaser of such cotton in order to secure or protect the same, the said party of the first part will promptly place with said party of the second part an equivalent amount of money."

It was alleged, that the defendant, on the 17th day of July, 1909, authorized the plaintiffs to sell for him 100 bales of cotton; that on the 4th day of September, 1909, the plaintiffs entered into a contract with Heineken & Vogelsang to sell them 278 bales of cot-

ton, in which was included the 100 bales authorized by the defendant to be sold for him; that the defendant delivered 37 bales of the cotton in accordance with his contract, but failed to deliver 63 bales, and thus breached the contract; and that the plaintiffs were compelled, by reason of their guarantee given to Heineken & Vogelsang, to purchase and make delivery of the 63 bales of cotton which Dozier failed to deliver, and were thereby damaged in the sum of $729.09. The defendant filed general and special demurrers to the petition, which were overruled by the court. He also filed an answer, denying the material allegations of the petition, and averring that the plaintiffs never made any contract with Heineken & Vogelsang for the defendant, based on any contract between plaintiffs and defendant. He also averred, that, "by agreement with plaintiffs when he signed said contract, having received no advances whatever from plaintiffs in the way of money, his cotton was to be sold on delivery and sales and remittances made promptly as rapidly as sold," etc. On motion the court struck paragraph 4 of the original plea of the defendant, which was as follows: "That defendant, while not legally bound to do so, intended to ship to plaintiffs one hundred bales of cotton on said contract, and did ship, as stated in the petition, nineteen thousand, eight hundred and seventy-six pounds of cotton. That by agreement with plaintiffs when he signed said contract, having received no advances whatever from plaintiffs in the way of money, his cotton was to be sold on delivery and sales and remittances made promptly as rapidly as sold. That plaintiffs failed to do this: they failed to grade the cotton properly, and failed to send him a statement showing the weight of the cotton, the grade, and remittance to cover same, and, though he notified them by mail and went in person to see them and made repeated requests, they failed to handle his cotton in a prompt and expeditious manner, as they should have done, and as they had agreed to do. Their manner of handling his cotton made it both unpleasant and unsatisfactory and harmful to defendant in getting the use of his money, which he was entitled to, promptly as the cotton was delivered. As the cotton was delivered on the contract with a fixed price, the only thing to be done by plaintiffs was to weigh the cotton, grade it, and make remittances, and yet they failed to do this, giving unsatisfactory reason for so doing, and thereby broke their agreement

and contract with defendant, and thereby released defendant from further obligation, if he was in fact bound at all under said contract, and from further delivery of said cotton." Thereupon the defendant offered to amend his plea, which amendment the court disallowed. The case proceeded to trial, after the court had overruled the demurrers and had stricken the fourth paragraph of the defendant's plea, and had refused to allow the amendment tendered; and after evidence had been submitted and argument heard, the court directed a verdict for the plaintiffs for the full amount sued for. His motion for a new trial having been overruled, the defendant excepted.

*J. B. Burnside* and *John T. West,* for plaintiff in error.
*William H. Barrett,* contra.

HILL, J. (After stating the foregoing facts.)

1. The petition in this case sets forth a cause for action, and the demurrer was properly overruled. We do not think the contract sued upon is open to the objection urged, that it is unilateral and not binding on Davison & Fargo. As between Davison & Fargo and Dozier, the latter could waive the fact that his agents did not sell his cotton alone. Davison & Fargo had sold to Heineken & Vogelsang 728 bales of cotton, and through his agents, Davison & Fargo, upon a consideration of one dollar per bale, the work done, and the obligations assumed by the agents, Dozier had sold to Heineken & Vogelsang 100 bales of cotton, which the agents were to deliver on the contract. Dozier, the principal, agreed with his agents, Davison & Fargo, that he would stand back of them and make good their losses by reason of any failure on his part to deliver the 100 bales of cotton. That makes a contract between Dozier, the principal, and Davison & Fargo, his agents, for that purpose. If the agents perform their part of the contract and suffer loss, the principal, under the terms of his contract, is bound by it. Such a contract is not unilateral, but is a valid, binding contract, and the agents are entitled to reimbursement if they suffer loss; and this regardless of the contract with Heineken & Vogelsang. Between the principal and the agent, the former can not repudiate his contract with the latter. It is a question between Dozier and his agents, Davison & Fargo, as to what he did with his cotton. He ratified his agents' action, and said, in effect, "You go ahead and incur certain liabilities and I will protect and

hold you harmless for any loss by reason of such agreement." The plaintiff in error insists that he did not authorize his agents to put his cotton in with the 728 bales to be delivered to Heineken & Vogelsang; but after his agents had done that, Dozier signed another contract and delivered part of the cotton, and thus ratified the contract of September 4th. The defendant did not deliver all of his cotton according to contract, and his agents, Davison & Fargo, had to go into the open market and buy 63 bales of cotton at the advanced market price of 14-3/4 cents per pound; and under the terms of his agreement, Dozier is bound by it to make good any loss sustained by his agents, Davison & Fargo. This is not a sale of cotton by the defendant, Dozier, to his agents Davison & Fargo. It is a case of agency, and a guaranty by the principal to his agents that he will make good any loss they may sustain on his account by reason of his failure to deliver the 100 bales of cotton according to contract. And Dozier is responsible to his agents, Davison & Fargo, if they sustained loss, regardless of how the contract stood between Dozier and Heineken & Vogelsang. The evidence shows that the defendant's agents did sell for him 100 bales of cotton at 12.53 cents per pound, and that he delivered to them only 37 bales, and that they had to go into the market and buy 63 bales; and the plaintiffs testified that "by having to supply that cotton we lost the amount set out in the petition."

Again, the defendant insists that the plaintiffs can not recover, because the 37 bales of cotton were not paid for when delivered by the defendant. The reply is that the evidence shows that the defendant was to get pay for the cotton when he delivered all the cotton due on the contract, namely, 100 bales. In point of fact, a portion of the money was paid the defendant soon after the cotton was delivered, but the contract was for the delivery of 100 bales of cotton, and the defendant can not complain that payment was deferred until the entire 100 bales were delivered; and any verbal agreement as to payment, which varies the plain, unambiguous written contract, under the facts of this case, is not admissible to change or modify the written contract. *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28) ; *Hawkins* v. *Studdard,* 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190).

2. The fourth paragraph of the defendant's plea was properly

stricken on motion. This answer was clearly an effort to set up a parol contract which varied the terms of the written contract executed by the parties, and which was plain and unambiguous within itself. This plea seeks to vary the plain terms of the written contract, and undertakes to substitute an entirely different one, which can not be done. The stricken plea avers, among other things, that the cotton was not to be delivered under the sale already made, but was to be "sold on delivery and sales and remittances made promptly as rapidly as sold." Even if it was error to strike the above-stated plea, it did not cause injury to the defendant, as the cotton delivered was paid for by the plaintiffs, except the small sum of $3.43, before the entire 100 bales were delivered; and there is no evidence in the record to show that Davison & Fargo failed to properly grade, weigh, and pay for the cotton actually delivered, other than as to the payment of the small amount above referred to, and certainly the defendant could not be entitled to variations on that not delivered.

3. It follows from what has been said in the foregoing division of this opinion, that if the fourth paragraph of the defendant's answer was properly stricken, the evidence sought to be introduced under it was properly excluded by the court. Civil Code (1910), § 4268, par. 1; *Hawkins* v. *Studdard,* supra; *Burton* v. *Meinert,* 136 *Ga.* 420 (71 S. E. 870).

4. There is no error in any of the other grounds of the motion requiring a new trial. The evidence authorized the direction of the verdict rendered in favor of the plaintiffs.

         *Judgment affirmed. All the Justices concur.*