CLOVERDALE COMPANY *vs.* BRADFORD S. LITTLEFIELD & another.

Suffolk.    October 17, 1921. — November 23, 1921.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Landlord and Tenant,* Construction of lease. *Contract,* Construction. *Words,*
"First right to re-lease."

A provision in a lease of real estate giving to the lessee "the first right to re-lease
for a term of three more years at the expiration of the present lease on the same
terms and conditions as herein mentioned," plainly imports not an absolute
and unqualified right in the lessee to have a new lease at the expiration of the
existing lease, but merely a preferential right to have a new lease at his option
in the event that the lessor at the expiration of the existing lease desires to
lease the property to any one and does not then desire to sell it or to devote it
to his own use.

CONTRACT, by the lessee against the lessor named in a lease of
real estate in Whitman, for alleged breach by the lessor of a cove-
nant as to reletting.    Writ dated August 8, 1918.

In the Superior Court the action was tried before *Callahan,* J.
Material evidence and rulings of the judge to which the defend-
ants saved exceptions are described in the opinion.    The jury
found for the plaintiff in the sum of $500; and the defendants
alleged exceptions.

*D. T. Montague,* for the defendants.

*C. R. Elder,* for the plaintiff.

PIERCE, J.    This is an action of contract to recover damages
for the alleged breach of an agreement contained in an indenture
of lease, wherein the plaintiff is lessee and the defendants are
lessors.    The lease was dated November 9, 1914, and ran for a
term of three years.    The agreement of the lessors reads as follows:
"The party of the first part agrees to give The Cloverdale Com-
pany, party of the second part, the first right to re-lease for a term
of three more years at the expiration of the present lease on the
same conditions and terms as herein mentioned."    The plaintiff
entered into possession of the premises and continued in posses-
sion during the entire term and for eleven months thereafter,
paying rent per month at the rate written in the lease, and at the
end of the same eleven months quit and vacated the premises

without any compulsion of the defendants. After the expiration of the lease and during the eleven succeeding months, on June 6, 1918, the defendants gave the plaintiff written notice that from July 1 the rent would be advanced "as it is worth more to . . . [us] for other purposes;" and thereafter sent the plaintiff monthly bills for the rent at the advanced rate. When the plaintiff vacated the premises the defendants took possession, have themselves continued to occupy them and have not leased nor let them to any person, firm or corporation.

Before the expiration of the three year lease the plaintiff duly notified the defendants of its desire for a re-lease of the premises for another three years upon the same terms and conditions as the lease declared on; the defendants refused to execute a new lease for another three years upon the same terms and conditions as the first lease but demanded a rent in excess of that reserved in the lease. The plaintiff offered evidence tending to show damage caused by the defendants' refusal to issue a new lease upon the same terms and conditions as the old one.

Subject to the exceptions of the defendants the presiding judge refused to grant any of the requests of the defendants and instructed the jury with reference to the provision in the lease concerning renewal, as follows: "A question has been raised in your presence concerning the true interpretation and legal meaning of the provision in the lease for the renewal. With that contention you need have no concern because I rule as matter of law to you, that the lessee was entitled to a renewal of the lease . . . you have to concern yourselves only with the question of damages." The jury returned a verdict for the plaintiff in a substantial sum.

The ruling that "the lessee was entitled to a renewal of the lease" was plainly right if the word "first" does not qualify and make conditional the "right to re-lease" given to the lessee by the covenant of the lessors. We are of opinion that the word "first" cannot be rejected as surplusage in determining the meaning of the words "first right to re-lease" contained in the agreement if regard be given to the general rule that the intention of parties to a written contract is to be ascertained upon a consideration of the several words, phrases and parts of the instrument, and of their effect upon it as a whole. So regarded the phrase "first right to re-lease" in common use plainly imports not an absolute and

unqualified right in the lessee to have a re-lease at the expiration of the existing lease, but merely a preferential right to have a re-lease at the option of the lessee in the event the lessors then desired to lease the property and did not then desire to sell it or to occupy it themselves. *Hill* v. *Prior,* 79 N. H. 188. *Crawford* v. *Morris,* 5 Grat. 90. *Reed* v. *Campbell,* 16 Stew. 406. *Manchester Ship Canal Co.* v. *Manchester Racecourse Co.* [1901] 2 Ch. 37, 51. See *Levy* v. *Peabody,* 238 Mass. 164.

It results that the request "Upon all the evidence, the plaintiff cannot recover" should have been given, and that the exceptions to the refusal to give the ruling and to the ruling as given must be sustained.

*Exceptions sustained.*