## 20431. EARLY *v.* KENT *et al.*

MOBLEY, Justice. A. Duncan Kent, as a citizen and taxpayer of Chatham County, Georgia, brought his petition in Chatham Superior Court against William A. Early, seeking an accounting and recovery from him of all funds received by him from the Savannah-Chatham County School Board since his resignation on October 8, 1958, as superintendent of said school system, and asking that he be temporarily and permanently enjoined from receiving any alleged salaries from funds of the Savannah-Chatham County School System or Chatham County. The Board of Public Education for the City of Savannah and the County of Chatham intervened, and was made a party defendant. After an interlocutory hearing, the trial court entered a judgment enjoining and restraining the Board of Public Education for the City of Savannah and the County of Chatham from paying to William A. Early his salary as superintendent of the schools, and Early from receiving any such payment, until further order of the court. The defendant excepted to this judgment as well as to the ruling of the court that, under the contract, the defendant was employed to serve at the pleasure of the board, and that his services could be terminated by the board at any time; and to the refusal of the court to consider parol evidence as to the intention of the parties to the contract. *Held:*

1. The construction of an unambiguous contract is a question of law for the court. Code § 20-701; *Mutual Life Ins. Co. of*

*New York* v. *Davis,* 79 *Ga. App.* 336 (1c) (53 S. E. 2d 571). " ' "Ambiguity" is defined as duplicity, indistinctness, an uncertainty of meaning or expression used in a written instrument,' " and ". . . also signifies 'of doubtful or uncertain nature; wanting clearness or definiteness; difficult to comprehend or distinguish; of doubtful purport; open to various interpretations.' " *Novelty Hat Mfg. Co.* v. *Wiseberg,* 126 *Ga.* 800, 801 (55 S. E. 923). "The construction of a contract, if needed, being a question of law for the court, as well as a duty that rests upon the court, there can be no ambiguity within the rule to which we have referred, unless and until an application of the pertinent rules of interpretation leaves it really uncertain which of two or more possible meanings represents the true intention of the parties." *McCann* v. *Glynn Lumber Co.,* 199 *Ga.* 669, 679 (34 S. E. 2d 839). The contract of the Board of Education with the superintendent providing ". . . that upon the expiration on midnight of June 6th, 1956, of the contract of Mr. W. A. Early Superintendent of Schools, Mr. Early be re-employed as Superintendent of Schools in so far as time is concerned at the pleasure of the Board," was as to the time the superintendent was employed plain and unambiguous. The trial court properly ruled that the words "at the pleasure of the Board" meant that the contract could be terminated at the pleasure of the board. The words were plain, unambiguous, and capable of only one reasonable interpretation, and they required no construction. *Wolverine Ins. Co.* v. *Jack Jordan, Inc.,* 213 *Ga.* 299, 302 (99 S. E. 2d 95). The trial court in considering the contract properly refused to allow a witness to testify as to her opinion of what the words "at the pleasure of the board" meant, or to consider parol evidence as to the intention of the parties. "Parol evidence is inadmissible to add to, take from, or vary a written contract." Code § 20-704 (1). "Parol evidence, the purpose of which was to change or vary the plain and unambiguous terms of a written contract, is not admissible." *Dozier* v. *Davison & Fargo,* 138 *Ga.* 190 (3) (74 S. E. 1086). "Parol negotiations eventuating in an unambiguous written contract are merged in the writing, and are ineffectual to vary or contradict the writing." *Capps* v. *Edwards,* 130 *Ga.* 146 (3) (60 S. E. 455). See also *Gibson* v. *First Nat. Bank of Marietta,* 158 *Ga.* 350, 353 (123 S. E. 606), and *Wynn* v. *First Nat. Bank of Newnan,* 176 *Ga.* 218 (3)

(167 S. E. 513). In view of the foregoing, it is immaterial whether or not the superintendent's letter of resignation was in effect a discharge by the board.

2. A taxpayer has such a pecuniary interest in the sum made up from taxes, of which his forms a part, as to authorize him to prevent an illegal diversion of any sum. Accordingly, an equitable petition will lie at his disposal to prevent the illegal expenditure of tax money by public officials. *Henry* v. *Means*, 137 *Ga.* 153 (2) (72 S. E. 1021). Payment to the superintendent of his salary after termination of his contract of employment by resignation or discharge would constitute a mere gratuity, would be an illegal expenditure of tax money, and payment of further salary was properly enjoined by the trial court. *McCann* v. *Glynn Lumber Co.*, 199 *Ga.* 669, supra.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 15, 1959—DECIDED MAY 8, 1959.

*Brannen, Clark & Hester, Erwin Friedman,* for plaintiff in error.

*Allyn M. Wallace, Aaron Kravitch, James E. Findley,* contra.

