44546.   RALSTON PURINA COMPANY v. WOODY.

HALL, Judge.   The plaintiff brought a complaint alleging the defendant was indebted to it on a promissory note attached to the complaint, which states as consideration for the promise "For value received."   The defendant's answer denied the indebtedness and alleged that the plaintiff agreed that the consideration for the note was that the plaintiff would supply chickens to him and feed them, and the plaintiff did not feed the birds and this constituted a breach of the contract and

failure of consideration. The plaintiff appeals from a judgment for the defendant rendered upon a jury verdict.

1. In *Woody v. Ralston Purina Co.*, 117 Ga. App. 352 (160 SE2d 662), this court reversed a summary judgment for the defendant, holding that parol evidence respecting the plaintiff's agreement to furnish feed as a consideration for the note was admissible and presented an issue of failure of consideration. The plaintiff's first enumeration of error on the admission of evidence of "statements of prior oral agreement altering the payment terms of the promissory note sued on," is therefore without merit.

2. The plaintiff enumerates as error the overruling of its motion for directed verdict. The plaintiff argues that the defendant's testimony as to the consideration for the note is so vague and equivocal, it must be construed against the defendant (rather than in his favor as on summary judgment) and thereby is insufficient to authorize a finding that the consideration included the furnishing of feed for the birds. The cases cited by the plaintiff, including *Davis v. Akridge,* 199 Ga. 867, 868 (36 SE2d 102) ; and *Ray v. Marett,* 84 Ga. App. 86, 89 (65 SE2d 646), do not require this result. While some of the defendant's testimony might be found to weaken his positive testimony to the effect that the consideration for the note was the birds and feed, his testimony as a whole was not so ambiguous that a jury would be required to disregard it or find against him on the defense of failure of consideration.

*Judgment affirmed. Jordan, P. J., concurs. Whitman, J., concurs in the judgment.*

Submitted June 4, 1969—Decided October 15, 1969.

*Kenyon, Gunter, Hulsey & Sims, Julius M. Hulsey,* for appellant.

*C. Frank Strickland,* for appellee.