45148. RALSTON PURINA COMPANY v. BLACK et al.

HALL, Presiding Judge. In an action for the balance due on a contract, plaintiff Ralston Purina appeals from a judgment

for defendants and from the denial of its motions for a new trial and judgment n.o.v.

Mr. and Mrs. Black, tenderfoot turkey growers, entered into a Turkey Chow Contract with Ralston Purina after preliminary discussions with Ralston Purina's agent Newton. Apparently Newton was also an agent of Swift & Company and had presented a procuring, raising and marketing package-deal to the Blacks. The written Ralston Purina contract was actually a very simple document. The company promised to sell all the necessary feeds, tonics, disinfectants and worming medicines that the Blacks would require at credit retail prices and to accept their notes in payment. The Blacks promised to buy these products exclusively from Ralston Purina, to give it notes in payment, to give it a mortgage on the turkeys as security (and to obtain its consent before disposing thereof) and to apply the Purina Program in the care and feeding of the turkeys. The "Program" was not spelled out in this or any other document supplied to the Blacks. There were, of course, merger and disclaimer of warranty clauses.

At the end of a year, the Blacks had not only lost money, but still owed Ralston Purina $4,536. This suit was brought to collect that amount from them. Upon trial, the court allowed them to testify at length concerning what Newton had told them, prior to execution, about the "Program," i.e., that he would be on the scene as a Ralston Purina consultant several times a week to give advice and administer turkey medicine (in fact, that he was the only one allowed to medicate the birds) ; that in so doing he could guarantee that each turkey would meet minimum weight standards for marketing; and that as a result, a minimum profit of 50¢ per bird would absolutely result. They further testified that Newton had frequently failed to appear when needed, had not given enough or the proper medicines, had made the decision to ship the bulk of the birds when they were diseased and still underweight, and that only by independently medicating and feeding the last batch were they able to keep their losses from being any higher. Prior to, throughout and following all this testimony, Ralston Purina vigorously objected on the ground that these oral representations, agreements, guarantees, etc. were not admissible to vary the terms of the valid written contract. This is also the issue on appeal. The court stated

several times however, that it was not admitting the testimony for this purpose, but for the purposes of explaining an ambiguity in the contract (The Purina Program) and to show the true consideration and its failure. We believe all the parol evidence introduced by this testimony is admissible in these categories. *Irwin v. Young*, 212 Ga. 1 (90 SE2d 22); *Ralston Purina Co. v. Woody*, 120 Ga. App. 469 (170 SE2d 860).

*Judgment affirmed. Deen and Evans, JJ., concur.*

ARGUED MARCH 4, 1970—DECIDED APRIL 7, 1970.

*Robert E. Knox, Warren D. Evans,* for appellant.
*Jack D. Evans,* for appellees.