## 63717. U. S. ENTERPRISES, INC. v. MIKADO CUSTOM TAILORS.

CARLEY, Judge.

Appellant-landlord and appellee-tenant entered into a lease of premises located at 3411 Chamblee-Tucker Road in DeKalb County. The lease was for a period of one year, commencing on September 1, 1980 and ending on August 31, 1981. Paragraph 13 of the lease provided: "Lessee has first right of refusal to renew lease at renewal day for a two (2) year period with 10% increase in rental." Appellee failed to vacate on August 31, 1981 and forwarded a check for the next month's rent in an amount 10% greater than its rental payment for previous twelve months. Appellant instituted the instant dispossessory action to regain possession of the premises. Appellee answered, denying that it was holding over beyond its lease term and asserting that it was in lawful possession of the premises pursuant to paragraph 13 of the lease. Appellee moved for summary judgment without supporting affidavits. The trial court granted appellee's motion in an order which stated "that special stipulation 13 of the lease gives to the lessee an option to renew the lease for a two year period with a 10% increase in rental." Appellant appeals from this order.

Leases often contain a provision for renewal of the lease or for the purchase of the leased premises. Such provisions may be worded so as to leave little doubt of the absolute right conferred upon the lessee to re-let or purchase the demised premises. All too frequently, however, the wording of the provision leaves considerable doubt as to whether the lessee's rights are absolute or whether they are conditioned upon the lessor's decision to re-let or sell. See Annot., 127 ALR 894 (1940). If the provision constitutes an absolute option, the right to make the decision to re-let, purchase or vacate the premises is that of the lessee. If the provision is conditional, the right granted to the lessee is subject to being defeated by the lessor's decision not to re-let or sell. See Edwards v. Bernstein, 36 SW2d 662 (Ky. App. 1931); Landowners Co. v. Pendry, 100 P2d 632 (Kan. 1940).

Neither appellee nor appellant have cited us to a Georgia case which definitively construes, in the context of a lease, a provision which grants the lessee the "first option," "first privilege" or "right of first refusal" to renew the lease. Our own research has failed to discover such a case. Compare *Candler v. Smyth,* 168 Ga. 276 (147 SE 552) (1929) (holding that a provision granting the privilege of "refusal" for an additional five-year period without agreement as to the "terms and conditions" to be operative during that period is a "renewal" not an "extension" provision). "In the majority of cases,

option clauses giving such 'first' or 'prior' rights to re-lease have been held to be conditional upon the desire or purpose of the optionor." 50 Am. Jur. 2d, Landlord & Tenant, § 1174, p. 59. Where "there is nothing elsewhere in the lease to create doubt or uncertainty about [a 'first right of refusal' to renew] provision [it] confer[s] upon [the lessees] no right or assurance of a new lease, but constitute[s] only an offer to give them the first opportunity to lease the property *at such rental as the lessor would be willing to lease to anyone.*" (Emphasis supplied.) Valley Lane Corp. v. Bowen, 592 P2d 589, 591 (Utah 1979). Apparently this is the construction given in this state to a "first" option to purchase. Cf. *Pearson v. Horne,* 139 Ga. 453 (77 SE 387) (1912).

With regard to the "first right of refusal" provision in the instant case, we cannot say that there is "nothing elsewhere in the lease to create doubt or uncertainty" about the renewal rights it confers upon appellee. Although the provision uses the term "first right of refusal," it also further provides that that "right" is "to renew lease *at renewal date for a two (2) year period with 10% increase in rental.*" (Emphasis supplied.) The fact that the provision anticipates that there will be a "renewal date" and that the "terms" for the contemplated renewal are themselves specified in the original lease is an indication that the parties did not contemplate appellee's right under the renewal provision to be one only of "first refusal." This is true for two reasons. First, in the typical "first refusal" situation, the fact of a "renewal date," as distinguished from the mere possibility of renewal, is not so readily recognized in the original lease. The second reason is that the terms of the renewal, rather than being agreed upon in advance, are generally "at such [terms] as the lessor would be willing to lease to anyone" (Valley Lane Corp., 592 P2d 591, supra) or at such terms as contained in a bona fide offer from a third party acceptable to the owner. Dalton v. Balum, 534 P2d 56 (Wash. App. 1975). By the same token, however, the utilization of the generally conditional words "first right of refusal" rather than the more absolute "option to renew" is clearly contrary to the interpretation adopted by the trial judge.

Thus, it appears that the "first right of refusal" language of the provision is inconsistent with an absolute "option," but the specification of the terms of renewal on the "renewal date" is inconsistent with a truly conditional "right of first refusal." Cf. *Linch v. McNeil Real Estate Fund,* 146 Ga. App. 505 (2) (246 SE2d 718) (1978); *Ask Enterprises v. Johnson Model Bedding,* 155 Ga. App. 294 (270 SE2d 709) (1980). Accordingly, we hold that this is a case wherein an ambiguity exists in the provision and remains after the application of all of the rules of construction. *Worlds v. Worlds,* 154

Ga. App. 850 (270 SE2d 68) (1980). "[T]his is one of those rare instances when the contract is not susceptible to the pertinent rules of construction and, since the terms of the contract are ambiguous, the question involving the intention of the parties must be left for resolution by a jury." *Hamilton v. Truelove,* 148 Ga. App. 116, 120 (250 SE2d 864) (1978). See also *L. Gregg Ivey, Inc. v. Land,* 148 Ga. App. 667 (252 SE2d 88) (1979). The construction of the ambiguous provision in the instant case must be left for resolution by a jury and the trial court's grant of summary judgment to appellee is reversed.

In so holding, we are aware that parol evidence is admissible to aid in the construction of an ambiguous contract provision and that, in some cases, an ambiguity may be resolved on summary judgment. See *Columbia Nitrogen Corp. v. Dean's Power Oil Co.,* 136 Ga. App. 879, 882 (222 SE2d 602) (1975). The instant appeal, however, is not such a case. The only evidence in the record before us, other than the contract itself, is an affidavit submitted by appellant in opposition to appellee's motion for summary judgment. While this affidavit ostensibly "explains" the ambiguous provision of the lease, the affidavit was filed some two days *after* the hearing on the motion for summary judgment and, accordingly, was untimely. Code Ann. § 81A-156 (c). It is true that the trial court has discretion to consider such untimely affidavits. *Liberty Nat. &c. Ins. Co. v. Houk,* 248 Ga. 111, 112 (281 SE2d 583) (1981). However, it appears that the trial court in the instant case exercised that discretion against consideration of appellant's untimely affidavit. Appellee objected to consideration of the affidavit as untimely and, while there is nothing to show that the trial court did consider it over appellee's objection, the order granting summary judgment to appellee recites what *was* considered and, by failing to list appellant's affidavit, indicates that it was *not* considered. Compare *Leagan v. Levine,* 158 Ga. App. 293 (279 SE2d 741) (1981). Accordingly, on the record before us, appellant's affidavit does not remove the instant case from the holding in *Hamilton,* 148 Ga. App. 116, supra, that jury questions remain concerning the parties' intent with regard to the ambiguous provision.

*Judgment reversed. Deen, P. J., McMurray, P. J., Shulman, P. J. and Birdsong, J., concur. Quillian, C. J., Banke and Sognier, JJ., dissent.*

DECIDED JULY 16, 1982 —<br>REHEARING DENIED JULY 30, 1982 — ▮▮▮▮▮▮

*Edward E. Carriere, Jr.,* for appellant.
*B. J. Smith,* for appellee.

QUILLIAN, Chief Judge, dissenting.

I respectfully dissent from the majority opinion. I agree that the judgment should be reversed but cannot agree that the construction of an unambiguous lease provision "must be left for resolution by a jury." In my opinion this case should be reversed with direction that a judgment be entered for the appellant on this issue.

"The construction of a contract is a question of law for the court." Code Ann. § 20-701 (Code § 20-701). " 'The construction of a contract, if needed, being a question of law for the court, as well as a duty that rests upon the court, *there can be no ambiguity* within the rule to which we have referred, *unless and until an application of the pertinent rules of interpretation leaves it really uncertain which of two or more possible meanings represents the true intention of the parties.*' " (Emphasis in original). *Davis v. United Am. Life Ins. Co.,* 215 Ga. 521, 526 (111 SE2d 488). "The first rule of construction is the general principle that parol evidence is inadmissible to vary, add to or take from a written contract but that *ambiguity may be explained by such evidence.*" (Emphasis supplied.) 6 EGL 102, Contracts, § 54; *Ralston Purina Co. v. Black,* 121 Ga. App. 661, 663 (175 SE2d 125); *Columbia Nitrogen Corp. v. Dean's Power Oil Co.,* 136 Ga. App. 879, 883 (222 SE2d 602).

In the instant case that provision of the lease contract found to be ambiguous by the majority stated: "Lessee has first right of refusal to renew lease at renewal date for a two (2) year period with 10% increase in rental." I find no ambiguity in this sentence.

" ' "Ambiguity" is defined as duplicity, indistinctness, an uncertainty of meaning or expression used in a written instrument,' and '. . . also signifies "of doubtful or uncertain nature; wanting clearness or definiteness; difficult to comprehend or distinguish; of doubtful purport; open to various interpretations." ' " *Early v. Kent,* 215 Ga. 49, 50 (108 SE2d 708). I find none of these in the sentence in issue. The sentence clearly, distinctly, and succinctly sets forth the right of the lessee to have first refusal to re-lease the premises at the end of the present term for a period of two years at a 10% increase in rental.

Although we have found no Georgia case directly in point construing the "right of first refusal" to re-lease the demised premises this question has arisen frequently in other states. See Annotations in 127 ALR 894, 6 ALR2d 820, 34 ALR2d 1158, 70 ALR3d 203, and 76 ALR3d 1139. All are in agreement. "In the majority of cases option clauses giving such 'first,' or 'prior,' rights to re-lease have been held to be conditional upon the desire or purpose of the optionor." 127 ALR 894 at 896, citing Landowners Co. v. Pendry, 151 Kan. 674 (100 P2d 632); Walsh v. Ft. Schuyler Brewing

Co., 83 Misc. 488 (146 NYS 160); Hill v. Prior, 79 NH 188 (106 A 641); R. I. Realty Co. v. Terrell, 254 NY 121 (172 NE 262); see also 51C CJS 271, Landlord & Tenant 269-271, §§ 88 (3) (4) (5). See also collection of cases at 6 ALR2d 823-829 stating majority view "that the option, right, or privilege is conditional and rests upon the willingness of the lessor to lease the property again at the term expiration . . ." 6 ALR2d 820, 821, § 1.

As the lessee has no greater right to re-lease than that granted in the lease and the right conferred was only "first refusal to renew lease" we should look closely at this phrase. The term "right of refusal" is both delimiting and descriptive. For a lessee to have the "right of refusal" the lessor must first make him an offer. The word "first" is also delimiting and descriptive. A provision in the lease granting to lessee the "first" right, privilege, or option to re-lease or purchase "has generally been construed as conferring a merely conditional option, dependent upon the lessor's subsequent decision or offer to sell." 34 ALR2d 1158 at 1160, § 2.

I find no ambiguity in a sentence which grants a right of first refusal to lessee to re-lease the premises for a stated period at a stated increase in rental.

I am authorized to state that Judge Banke and Judge Sognier concur in this dissent.