## 39114. U. S. ENTERPRISES, INC. v. MIKADO CUSTOM TAILORS.

SMITH, Justice.

Appellant U. S. Enterprises leased certain premises to appellee Mikado Custom Tailors for a period of one year commencing September 1, 1980, and ending August 31, 1981.[1] A clause of the lease provided: "Lessee has first right of refusal to renew lease at renewal day for a two (2) year period with 10% increase in rental." On August 31, 1981, Mikado remained in possession and tendered a check for the next month's rent in an amount 10% greater than its monthly rental payment for the previous year. U. S. Enterprises moved to dispossess Mikado, which asserted that it was in lawful possession pursuant to the above quoted clause. The trial court granted summary judgment for Mikado on grounds that it had an option to renew for two years. The Court of Appeals reversed, holding the language of the lease to be ambiguous and declaring that construction of the provision must be left for resolution by a jury. We granted certiorari to consider two questions: (1) whether the lease clause is ambiguous, and (2) whether, if ambiguous, it is to be construed by the court or by a jury. We reverse the Court of Appeals on the first question and need not decide the second.

U. S. Enterprises contends that the lease is unambiguous. It argues that Mikado has no option to renew, and that U. S. Enterprises has no obligation to lease the premises to anyone. U. S. Enterprises concedes that if it wishes to lease the property to a third party, it must

---

[1] The lease, due to an apparent scrivener's error, contains the provision that the lease is to be for a term beginning "the 1st day of September, 1980, and ending on the 31st day of August, 1980." Neither party raises this error as an issue on appeal.

first give Mikado the opportunity to take up the lease for an additional two-year period. Mikado submits that it has a sole and exclusive right in the nature of an option to extend the lease for an additional two-year period.

In beginning our analysis we recognize the principle of law embodied in Ga. Code Ann. § 20-701. "The construction of a contract is a question of law for the court. Where any matter of fact is involved, the jury should find the fact." This has been interpreted to mean that construction of a contract is a matter of law for the court so long as the contract is unambiguous. *Early v. Kent,* 215 Ga. 49 (108 SE2d 708) (1959); *Bress v. Keep-Safe Industries,* 155 Ga. App. 544 (271 SE2d 867) (1980).

Ga. Code Ann. § 20-704 sets out rules of construction which courts are to apply in construing contracts. No jury question is raised unless after application of the pertinent rules of construction the ambiguity remains. *Davis v. United American Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488) (1959). Only if after applying these rules of construction it is unclear which of two or more possible meanings represents the true intent of the parties should the issue be declared ambiguous and delivered to the jury. *McCann v. Glynn Lumber Co.,* 199 Ga. 669 (34 SE2d 839) (1945); *Erquitt v. Solomon,* 135 Ga. App. 502 (218 SE2d 172) (1975).

We find no Georgia decisions directly on point construing a "first right of refusal" to re-lease the demised premises, although this question has arisen in other states. The general, majority, view is that a "first right of refusal" grants the lessee no right or assurance of a new term of lease, but constitutes only an offer to lease conditioned upon the lessor's decision to lease to anyone. It does not bind or obligate the lessor to lease the premises at all, and the lessor retains the privilege of withholding the property from the rental market altogether. See the cases collected at 6 ALR2d 823. We accept the majority view of "first right of refusal" and conclude that no option is thereby granted to the lessee.

Looking at the contract to lease as a whole we do not find its meaning to be doubtful, nor do we find the contested clause to be ambiguous. We do not see two meanings in the term "lessee has first right of refusal to renew the lease." The meaning is clear. Lessor may, or he may not as he desires, lease the property in question. If U. S. Enterprises decides to lease, Mikado has the right to take up the lease at the terms specified before U. S. Enterprises may offer to lease to any other party. Mikado has no other rights, and U. S. Enterprises has no other obligations, in relation to re-leasing. As a result of our decision on the first certiorari question, we need not reach the second.

*Judgment reversed. All the Justices concur, except Hill, C. J.*

*and Weltner, J., who concur specially, and Clarke and Bell, JJ., who dissent.*

DECIDED NOVEMBER 30, 1982 —
REHEARING DENIED DECEMBER 14, 1982.

*Edward E. Carriere, Jr.,* for appellant.
*B. J. Smith,* for appellee.

HILL, Chief Justice, concurring specially.

The majority of the Court of Appeals found that the words "at renewal date for a two (2) year period with 10% increase in rental" created "doubt or uncertainty" as to whether the clause in question was an option or a right of first refusal. The majority remanded the case for trial by jury. *U. S. Enterprises v. Mikado Custom Tailors,* 163 Ga. App. 306 (293 SE2d 533) (1982).

Although agreement in advance as to the monetary terms (e.g., rent, price) of a right of first refusal may be the exception rather than the rule, prior agreement as to monetary terms does not convert a right of first refusal into an option. See *Radio WEBS, Inc. v. Tele-Media Corp.,* 249 Ga. 598, fn. 2 (292 SE2d 712) (1982), citing 1A Corbin on Contracts, § 261 (1963). See also Cloverdale Co. v. Littlefield, 240 Mass. 129 (133 NE 565) (1921).

Thus only the words "at renewal date" can be said to create an ambiguity. Rather than applying the "doubt or uncertainty" test adopted by the Court of Appeals, I would apply the rule that no construction of a contract is required or permissible where there is only one reasonable interpretation of the language used by the parties. *Pisano v. Security Management Co.,* 148 Ga. App. 567, 568 (251 SE2d 798) (1978). Here, the language used by the parties, which includes words of art, to wit: "Lessee has first right of refusal . . .", can only be reasonably interpreted as giving the lessee a right of first refusal at the end of the lease; i.e., those words cannot be reasonably interpreted as giving the lessee an option to renew.

I therefore concur in the judgment of this court.

I am authorized to state that Justice Weltner concurs in this special concurrence.

CLARKE, Justice, dissenting.

I cannot agree that the phrase "first right of refusal" can under no circumstances mean an option to renew a lease.

Although this phrase rarely has a meaning other than the right of a party to preempt a third party offeror, it is possible for the phrase

to appear in such a context that its meaning as an option is inescapable. In this case the "right of refusal" is to "renew lease at renewal date for a two (2) year period." The exact increase in the rental payment is specified. No period is specified for any pre-emption of other offers. I believe this provision expresses the intent of granting to the lessee an option on the renewal date to renew for a two-year period with a ten percent increase in rental. The use of "first right of refusal" rather than the word option is unfortunate but nevertheless clear.

I must, therefore, disagree with the majority and also the Court of Appeals. I would hold that the provision in question grants an option to renew unambiguously and that no jury question is presented.