No. 16.—JOHN S. EATON, plaintiff in error, vs. NATHAN YARBOROUGH, adm'r of Bulter, defendant in error.

[1.] The maker of a promissory note, which was barred by the Statute of Limitations, upon its being presented to him for payment, acknowledged that it was a just debt, that it ought to have been paid long before, and

Eaton *vs.* Yarborough, &c.

. gave a new promise to pay it when he finished a church which he was then 'building: *Held*, that the promissor referred to the completion of the church by him *as a time* of payment, and not as a *condition* upon which only the note was to be paid.

Assumpsit, &c. in Floyd Superior Court. Tried before Judge TRIPPE, June Term, 1855.

This suit was upon a promissory note. The defendant's intestate had been declared a bankrupt under the law of 1842. Plaintiff relied upon a new promise, which was as follows: "Defendant's intestate said it was a just debt; that it ought to have been paid long before; that plaintiff had been kind to him, and that he would pay it as soon as he finished the Methodist Church, which he was then building in Rome; and requested witness to bring the note back when he returned from North Carolina, that he might pay it." Defendant's intestate died before the Methodist Church was finished. It was completed before suit brought.

The Court charged that this was a conditional promise, and that the plaintiff could not recover.

This decision is assigned as error.

PRINTUP, for plaintiff in error.

T. W. ALEXANDER, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] We think that the Court was mistaken in holding that the new promise in this case, was made only upon condition that the defendant's intestate completed the building of the church upon which he was engaged.

In our opinion, the reference to the church by defendant's intestate, was for the purpose of specifying a *time* of payment, and not *as a condition* upon the occurring of which, only, the money was to be paid. In such case, his death be-

fore the completion of the church, (which has been finished,) does not exonerate his estate from liability.

Let the judgment be reversed.