## 26293. POYTHRESS v. HUCKS.

STEPHENS, P. J. 1. On the trial of a suit by a contractor against an owner of real estate, to recover an alleged balance due on the contract price for the erection of a building upon the land of the defendant, and for furnishing the material which went into the building, where the defendant did not plead specifically that the indebtedness was not due because other materialmen who had furnished to the plaintiff material to go into the building had not been paid, a verdict for the plaintiff is not without evidence to support it and is not contrary to law on the ground that the materialmen who furnished to the plaintiff material which went into the building had not been paid by the plaintiff for such material, where it appears that the suit was filed after the expiration of three months from the time such material was furnished, and where on the date of the trial, which was more than three months after the date such material was furnished, it did not appear that such materialmen had filed any lien upon the property for the enforcement of their claim within the period of three months from the furnishing of the material. The evidence was insufficient to demand a finding that the defendant's land was subject to any lien for the payment of the material furnished by the materialmen to the plaintiff.

2. This being a suit by a contractor to recover of the owner of real estate an alleged balance due on the contract price for erecting a building on the defendant's property and for furnishing material that went into the building, and to establish a special lien upon the property for the payment of the judgment which might be obtained, where the only defense interposed was that the plaintiff had not completed his contract in a satisfactory and workmanlike manner in accordance with its terms, and the evidence, while conflicting, being sufficient to authorize the inference that the plaintiff had completed the contract in accordance with its terms, and that he had asserted his contractor's lien upon the property, and had instituted the suit within the time provided by law for the establishment of the lien and bringing of the suit to enforce the lien, the evidence was sufficient to authorize the verdict for the plaintiff in the amount sued for, and establishing a lien upon the property for the payment of the judgment.

3. The only question presented for this court's consideration being contained in the general grounds of the motion for new trial, and it ap-

pearing that the verdict for the plaintiff was authorized, the court did not err in overruling the motion.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED NOVEMBER 4, 1937.

*William H. Boyd, Frederick A. Tuten,* for plaintiff in error. *Oliver & Oliver,* contra.