Duncan Box & Lumber Co. *v.* B. W. Sargent *et al.*

(No. 9461)

Submitted September 1, 1943. Decided September 21, 1943.

*A. Maurice Foose,* for plaintiff in error.
*Maxwell W. Flesher,* for defendant in error.

Rose, Judge:

From a judgment of the Circuit Court of Cabell County, entered upon a verdict for one of the defendants in a proceeding in that court by way of motion for judgment by Duncan Box & Paper Company against Bryan W. Sargent and M. W. Zinn, this writ of error was awarded.

The record discloses that M. W. Zinn, as general contractor, constructed for Bryan W. Sargent two residences on separate lots situate in Holswade Park; that the contractor, certain subcontractors and materialmen filed liens against these properties on which a chancery suit for their enforcement was instituted; that Sargent raised sufficient money to pay off and discharge all these liens except a balance of Five Hundred Six Dollars and Sixty-six Cents ($506.66) due to the general contractor Zinn; that Zinn and Sargent then entered into a written contract under date of September 17, 1941, by which Sargent agreed to pay this balance to Zinn as therein provided for; and that rights and benefits of this contract were by Zinn assigned by an instrument dated March 17, 1942, to the plaintiff herein as a credit on certain debts owed by him to the plaintiff.

The contract of September 17, 1941, recited the foregoing facts and contained the following paragraphs, which are the basis of this litigation:

"3.. The said Bryan W. Sargent acknowledges that after the foregoing he will be and is indebted to the said M. W. Zinn in the sum of Five Hundred and Six and 66/100 ($506.66) Dollars, after deducting all credits to which the said Bryan W. Sargent may be entitled, which said balance in the sum of Five Hundred and Six and 66/100 ($506.66) Dollars, as aforesaid, represents the entire amount due and owing to the said M. W. Zinn on both of the aforesaid properties, and further represents the entire amount due and owing from the said Bryan W. Sargent to M. W. Zinn for all purposes, taking into consideration all costs and expenses incurred relative to the aforesaid mechanics lien, and the suit, etc., instituted thereon, and the said M. W. Zinn does hereby acknowl-

edge that the foregoing sum represents the entire amount due him, or which will ever be due him, resulting from the foregoing.

"4. That the aforesaid sum of Five Hundred and Six and 66/100 ($506.66) Dollars shall be paid unto the said M. W. Zinn by Bryan W. Sargent, and shall be due and owing unto the said M. W. Zinn at the time that the party of the first part is able to effect a sale of the property known as Lot No. Twenty-two (22), Holswade Park."

No part of the sum having been paid, the plaintiff gave notice to Zinn and Sargent that, on the 18th day of September, 1942, he would move the Circuit Court of Cabell County for judgment against each of them, for the amount owing under the contract with interest from the 17th day of September, 1941.

Judgment was taken against Zinn by default but Sargent defended by a simple denial of any and all liability upon the claim stated in the notice of motion for judgment.

Upon the trial of the issue raised by Sargent the written contract and assignment were introduced. The plaintiff then offered parol evidence purporting to show a further understanding between the parties, not expressed in the contract. This evidence was rejected. In this the court was correct, although *Duke* v. *Norfolk & Western Railway Co.,* 106 Va. 152, 55 S. E. 548, seems to hold otherwise.

Counsel for the plaintiff then vouched on the record, that witnesses would state that a reasonable time for payment was contemplated by the parties when making the contract, and that Sargent had held the property at an excessive price and thereby had made sale difficult or impossible. This evidence the court also rejected. The plaintiff then rested and upon motion of the defendant Sargent, the court directed a verdict in his favor, which was duly returned and judgment entered accordingly.

The remarks of the trial judge to the jury in explanation of his direction to return a verdict for the defendant

Sargent are preserved by a bill of exceptions, from which it appears that his action was based solely upon the theory that no recovery could be had on this contract until a sale of Lot No. 22 had actually been made.

We think this construction of this contract was more rigid and literal than is accorded to such provisions by courts generally. In fact, the contract must have been misread, as it does not even purport to postpone payment until a sale of the property should be actually made. The payment is made to be due, not when the property shall have been, in fact, sold, but when Sargent "is able to effect a sale" thereof. An absolutely literal interpretation of the contract, therefore, would have required and permitted evidence to show that a sale could have been made, before action brought. The provision in regard to sale of the property, however, is very vague in many particulars. It does not state the price at which the sale shall be made, nor the terms, nor whether at public or private sale, to what extent, if any, agents or advertising shall be resorted to, or whether at a profit or otherwise. If we were to adhere literally to the precise wording of the contract we should be required to hold that the money would become due when Sargent should be able to sell the property at any price and on any terms, and we cannot but know that a sale at some price and on some terms would always be possible. The money would, by such literal construction, become due immediately. We know, however, as a matter of common sense, that such an obligation was not contemplated by the parties. Nor is the construction adopted by the trial court more acceptable. If the debt is not to become due until the property shall have been actually sold, it may never be collectible, a result equally impossible to attribute to the parties. Courts, therefore, have declined to hold either the promisor or the promisee to a literal construction of such provisions in a contract.

Where the payment of a preexisting debt is, by agreement of the parties, postponed until the happening of a contingency which is wholly or partly within control of the promisor, the law requires the contingent event to be

brought about by him, or the performance or payment to be made, within a reasonable time. *Baker* v. *Gaskins,* 125 W. Va. 326, 24 S. E. 2d 277, and cases therein cited. In such circumstance the basic obligation of the promisor is not created by the new contract. At and before the agreement, his duty to pay or perform was absolute, and that payment or performance was already due. The new arrangement was a mere indulgence or postponement for the promisor's accommodation. Good faith and vigorous diligence on his part become imperative. He cannot become obstructive or even remain passive, but must, as promptly as is reasonably possible make the contingency come to pass.

The familiar principle above referred to has been specifically applied in cases where the promise is to pay money when the promisor shall have sold real estate belonging to himself. *Simon* v. *Etgen,* 213 N. Y. 589, 107 N. E. 1066; *Branch* v. *Lambert,* 103 Ore. 423, 205 Pac. 995; *Hughes* v. *McEwen,* 112 Miss. 35, 72 So. 848; *Crooker* v. *Holmes,* 65 Me. 195; *Hicks* v. *Shouse,* 17 B. Monroe, (Ky.) 483; *Nunez* v. *Dautel,* 19 Wall. (U. S.) 560, 22 L. Ed. 161; *Hood* v. *Hampton Plains Exploration Co.,* 106 Fed. 408; *Button* v. *Higgins,* 5 Colo. App. 167, 38 Pac. 390.

It is thus seen that the evidence offered to the effect that the parties to the agreement of September 17, 1941, contemplated that the property should be sold within a reasonable time, was superfluous in view of the fact that the law will import that meaning without evidence. The rejection of this evidence was not error. But we consider that the trial court erred in not permitting the plaintiff to introduce evidence tending to show that a reasonable time for the sale of the house and lot in question, had elapsed before the institution of this proceeding. Accordingly, the judgment of the Circuit Court of Cabell County is reversed, the verdict of the jury set aside and a new trial awarded to the plaintiff.

*Reversed; verdict set aside; new trial awarded.*