32010.   ALLEN *v.* MOORE.

DECIDED JULY 16, 1948.

428

*F. L. Breen, S. L. Mascotti, Winfield P. Jones,* for plaintiff in error.

*Reuben A. Garland,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The trial judge was authorized to find from the evidence, as a matter of fact, that the defendant breached the contract. The plaintiff testified that the defendant came upon the job where the work was progressing and informed the plaintiff that even if he completed the job he would not be paid for it as he had canceled the loan upon which the plaintiff knew he was depending for the proceeds with which to pay him. Another witness testified that the defendant informed him he had canceled the loan and was not going to complete the building. This evidence is sharply contradicted. However the trial judge, as the fact finding tribunal, was authorized to believe which ever he chose, and so long as the judgment is supported by competent evidence this court can not disturb it on the general grounds of a motion for a new trial.

It is insisted by counsel for the defendant that since the contract was not completed the lien does not attach and therefore can not be enforced in this proceeding. In *Ballard* v. *Daniel,* 18

*Ga. App.* 449 (1) (supra), the following is held: "Ordinarily, before a laborer's lien can be foreclosed, it must be shown that the laborer has fully completed the contract. However, if the completion of the contract was waived or prevented by the other party thereto, this is equivalent to a completion of the same as a remedial element." See also *Taylor* v. *Rainwater, Payne* v. *Trammell, Lewis* v. *Owens,* and *Haralson* v. *Speer,* supra.

It is true that the foregoing cited cases apply to the foreclosure of special liens on personal property. However, the same provision with reference to the completion of the contract is made as to the enforcement of those liens as is made with reference to the enforcement of a lien on real property. This principle of law therefore is applicable with equal logic in cases of enforcement of liens on real property. The defendant contends that the contract is indivisible and that the lien is unenforceable on a part thereof. His position would be well taken and the authorities he cites in support thereof applicable, were it not for the evidence in the record that authorizes the trial judge to find that the contract was terminated by reason of his wrongful act.

■ Assignments of error on special grounds of a motion for a new trial expressly or impliedly abandoned in the brief of the plaintiff in error will not be considered and points not insisted on in argument or brief of counsel are treated as abandoned. See *Smith* v. *State, Plummer* v. *State, Brown* v. *Salter,* and *Albany Federal &c. Assn.* v. *Henderson,* supra.

Since the special grounds of the amended motion for a new trial are not insisted upon by counsel for the plaintiff, the same are treated as abandoned.

The general grounds of the amended motion for new trial constitute no cause for a reversal of the judgment because the evidence authorizes the same.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*