[Civ. No. 7584.   Third Dist.   Mar. 10, 1949.]

WILLIAM FRAGA, Respondent, v. JAMES EVANS et al.,
Appellants.

Adams, Griswold & Winton and Gordon H. Winton, Jr.,
for Appellants.

Galvin & Galvin, Stephen P. Galvin, Jr., for Respondent.

THOMPSON, J.—The plaintiff recovered judgment for
$1,500, the unpaid portion of the purchase price of his partner-
ship interest in the Greyhound Café business in Livingston,
Merced County, which was sold and delivered to the defend-

ants pursuant to an oral agreement. From that judgment the defendants have appealed.

It is contended the findings and judgment are not supported by the evidence. The defendants assert that the $1,500 payment was conditioned 'upon their reselling the property for $16,000, and that it has not been resold.

The evidence is conflicting regarding the terms upon which said payment of $1,500 was to become due and payable. It appears that defendants owned the building in which the café business was conducted. The plaintiff and James Evans are brothers-in-law. They became partners in the café business in October, 1945, and operated the business until January 1, 1947, at which time plaintiff sold his interest to the defendants pursuant to an oral agreement of sale for the sum of $3,500. The defendants then took and retained possession of the business and continued to operate the café. The partnership was dissolved on the last-mentioned date. During the existence of the partnership, the building was enlarged and new equipment was installed at the cost of the partnership. At the time of the sale the building and café business were listed with a real estate broker for sale at the price of $16,000. At that time the partnership owed debts in the aggregate amount of about $1,000. A few months after the sale, defendants withdrew the property for resale and "refused to sell" it. At the time of sale the defendants paid plaintiff $2,000 in cash and agreed to give them a promissory note for the unpaid portions of the purchase price, in the sum of $1,500, payable "when he [the defendant] sold that business." The plaintiff's wife testified that she was present when the café business was sold to the defendants, and that it was then "understood it would be . . . sold [by the defendants] within two months" from the time the defendants took possession of the business. The defendants failed and refused to execute the note. Plaintiff demanded the execution and delivery of that note several times, which was refused. Sometime in March, 1947, plaintiff's wife called Mr. Evans on the phone and asked him to make and deliver the note for $1,500. Evans refused to do so. He repudiated that debt. He told Mrs. Fraga "You have got all you are going to get." The defendants having repudiated the debt of $1,500, plaintiff commenced this action for the unpaid balance of the purchase price of the business, on July 28, 1947.

The defendants contend that the $1,500 payment on the agreed purchase price of $3,500 was conditioned upon

their resale of the property, including the building, for the sum of $16,000, and that since it was not resold the consideration for the $1,500 failed, and that sum was therefore not due, owing or payable. The defendants claim the agreement was that if they sold the building and business for less than $16,000, the difference between that valuation and the actual price received should be divided equally between the parties and that said $1,500 indebtedness would be reduced to that extent. Both the plaintiff and his wife testified to the contrary. They said that the defendants promised to give them a note for said balance of the purchase price. The only uncertainty disclosed by the record is the time when said note was to become due if the property was not resold. They said that sum was to be paid when the defendants sold the business, but both of them specifically denied that the debt depended upon the sale of the business, or that it was to become invalid or void if the business should not be sold by the defendants. Mrs. Fraga added the statement that it was understood the business was to be sold within two months' time. She testified in that regard: "We were to get a note to cover the $1,500.00 to be payable within a certain time. At that time it was understood it would be two months, the place would be sold within two months."

James Evans admitted that he discussed with the plaintiff his expectation of reselling the property within 60 or 90 days. He was asked on cross-examination: "That was your expectation, that you would sell it within the next 30 or 60 days?" to which he replied, "Yes, he took something over 90 days and he didn't sell it."

The trial court found that, prior to January, 1947, the plaintiff and defendant James Evans were partners in the Greyhound Café business at Livingston, and that, on the 15th of that month, plaintiff sold and delivered possession of his interest in said business to Evans for the agreed sum of $3,500; that the sum of $2,000 was then paid plaintiff in cash, and that defendant refused, on or about March 15, 1947, to pay plaintiff the said unpaid portion of the purchase price in the sum of $1,500, and then he denied that he owed said sum or any sum whatever to plaintiff; and that defendant was indebted to plaintiff in said sum of $1,500, together with interest at the rate of 7 per cent per annum from said last-mentioned date to March 29, 1948. Judgment was accordingly rendered against the defendant James Evans for said amount. From that judgment the defendants appealed.

We are satisfied the findings and judgment are adequately supported by the evidence. The evidence sufficiently shows that plaintiff sold to his partner, James Evans, his interest in the Greyhound Café business in January, 1947, for $3,500, and that Evans promised to pay plaintiff the unpaid balance of the purchase price in the sum of $1,500; that, after repeated demands therefor, the defendant repudiated said indebtedness on or about March, 1947, and refused to pay the same or any part thereof, and that said defendant is indebted to plaintiff therefor.

■ Where a specified indebtedness is absolute, and is to be paid when certain property is sold, but the agreement fails to specify the time within which the property shall be sold, the law implies that the sale shall be made within a reasonable time. (*Weaver* v. *Grunbaum,* 31 Cal.App.2d 42, 51 [87 P.2d 406]; *Rosenheim* v. *Howze,* 179 Cal. 309, 312 [176 P. 456]; *Bartholomae Oil Corp.* v. *Oregon Oil & Development Co.,* 106 Cal.App. 57, 64 [288 P. 814].) If the property is not sold and the creditor is free from fault on that account the debtor may not avoid the obligation by wilfully refusing to sell the property. (*Rosenheim* v. *Howze, supra; Ottney* v. *Finnie,* 5 Cal.App.2d 356, 362 [42 P.2d 714].) ■ When a debtor absolutely repudiates his obligation, as the defendant Evans did in the present case in March, 1947, upon demand for payment the creditor is entitled to maintain an action to recover the amount due. (*Looney* v. *Scott,* 71 Cal.App. 308, 314 [235 P. 76]; *Spangenberg* v. *Spangenberg,* 19 Cal.App. 439, 445 [126 P. 379].)

The appellants failed to cite a single authority in support of their contentions in this case.

We conclude that the findings and judgment are adequately supported by the evidence.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.