42365.   MacLEOD v. BELVEDALE, INC.

ARGUED OCTOBER 5, 1966—DECIDED FEBRUARY 27, 1967—
REHEARING DENIED MARCH 21, 1967—

*Samuel N. Frankel,* for appellant.

*W. Harvey Armistead, McCurdy, Candler & Harris, Claude E. Hambrick,* for appellee.

BELL, Presiding Judge. 1. When considered on demurrer, a petition must be construed most strongly against the pleader, and in applying this rule the petition will be construed in the light of its omissions as well as its averments. *Mackler v. Lahman,* 196 Ga. 535, 537 (27 SE2d 35); *Toler v. Goodin,* 200 Ga. 527, 534 (37 SE2d 609). The demurrer admits only well pleaded facts and does not admit conclusions, either of law or fact, where facts are not averred in support of the conclusions. *Graham v. Marks,* 98 Ga. 67, 73 (25 SE 931).

One seeking to foreclose a contractor's lien for labor and materials must show a substantial compliance with the contract. *Code* § 67-2002 (1); *Jones v. Ely,* 95 Ga. App. 4 (4) (96 SE2d 536). If the completion of the contract was prevented by the defendant, this is equivalent to a completion of the contract as a remedial element. *Allen v. Moore,* 77 Ga. App. 426, 429 (49 SE2d 121). However, plaintiff's allegation that "defendant was unable to obtain the construction loan or the necessary construction funds" fails to show either repudiation or breach of the contract by defendant. Thus, plaintiff's allegation that the contractor "was prevented by defendant from performing said contract" is a mere conclusion of the pleader. As plaintiff's petition contains no allegations which excuse him from showing a substantial compliance with the contract, *Allen v. Moore,* supra, is therefore not applicable to this case. An abandonment of the work before compliance with the contract, upon a mere apprehension that he will not be paid at the time for payment, is unauthorized and defeats the contractor's claim of lien. *Rome Hotel Co. v. Warlick,* 87 Ga. 34, 43 (13 SE 116).

2. It follows that the petition is also insufficient to support a recovery for the materials furnished pursuant to the contract. "A party to an entire contract who has partly performed it and subsequently abandons the further performance according to its stipulations, voluntarily and without fault on the part of the other party or his consent thereto, can recover nothing for such part performance." *Alabama Gold Life Ins. Co. v. Garmany,*

74 Ga. 51, 58; *Spalding County v. Chamberlin & Co.*, 130 Ga. 649, 655 (61 SE 533) ; compare, *Collins v. Frazier*, 23 Ga. App. 236 (1) (98 SE 188). Plaintiff's remedy for recovery as to the materials furnished, if she had one, was on the common count of *quantum valebat*. See *Johnson v. Higgins McArthur Co.*, 99 Ga. App. 260, 264 (108 SE2d 299). However, in the absence of allegations of acceptance of the materials by defendant and of the reasonable value of the materials, plaintiff failed to allege an implied promise which would authorize a recovery under *Code* § 3-107.

None of the counts of plaintiff's petition was sufficient to allege a cause of action either to recover for the materials furnished by plaintiff's assignor or to foreclose a materialman's lien on defendant's land.

3. However, we think that plaintiff's petition was sufficient to state a cause of action for recovery of $9,500 loaned to defendant "pursuant to agreement . . . that said sum was to be repaid . . . upon the closing of a construction loan being obtained by defendant." The reference to the closing of the construction loan "was for the purpose of specifying a *time* of payment, and not *as a condition* upon the occurring of which, only, the money was to be repaid." *Eaton v. Yarbrough*, 19 Ga. 82. Thus there is a distinction between a condition to the creation of an obligation and a condition merely as to the time of its performance. Here the promise to repay, though seemingly conditional, imported an absolute liability. "When the existence of a debt is conditional on the happening of some event, payment cannot be enforced until the event happens; but when payment of an existing liability is postponed until the happening of an event which does not happen, payment must be made within a reasonable time." See 17A CJS 785, Contracts, § 503 (2) (b) ; Numez v. Dautel, 86 U. S. (19 Wall.) 560 (22 LE 161) ; Banque Russo-Asiatique v. Dolch, 3 F2d 266, 267; Daily v. Quinn, 208 Ala. 398 (94 S 523, 524) ; Piaggio v. Somerville, 119 Miss. 6 (80 S 342, 345) ; Noord v. Downs, 51 Wash. 2d 611 (320 P2d 632) ; Pegg v. Olson, 31 Wyo. 96 (223 P 223-225) ; 5 Williston, Contracts (3d Ed.) § 799; 17 AmJur2d 776, Contracts, § 339. As the petition in this case was filed

after the time provided in the construction contract for completion of the work, it is clear that a reasonable time had expired and that payment was due.

While plaintiff's petition was not an exemplar, nevertheless it outlined barely the allegations requisite for a part of the recovery sought. The trial court therefore erred in sustaining defendant's general demurrer addressed to the whole petition.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*