### 53209. ROSING v. DWOSKIN DECORATING COMPANY.

MARSHALL, Judge.

Dwoskin Decorating Company, a division of Dwoskin, Incorporated, brought an action against Mr. Rosing for damages for the balance due for materials and work it had furnished for the improvement of the

defendant's residence. The defendant appeals from a verdict and judgment in favor of the plaintiff, raising issues as to whether the nominal plaintiff is the proper party plaintiff, whether the verdict was authorized by the evidence, and whether the defendant's notice to produce was properly quashed. *Held:*

1. The denial of the defendant's motion for directed verdict at the conclusion of the evidence, on the ground that the nominal plaintiff was not the proper party plaintiff, was not error. There was evidence that the nominal plaintiff owned the defendant's account at the time of the November 5, 1974, filing of the action; that in May of 1975, Dwoskin, Inc., sold certain assets to Reed, Ltd., the remaining corporate division was changed to D.W.C., Inc., and a new, Delaware corporation, D.C.C., Inc., was formed; and that in June, 1975, D.W.C., Inc., was dissolved, and its assets, including the defendant's account, were transferred to D.C.C., Inc.

After the dissolution of a corporation in any manner other than by court decree (Code Ann. § 22-1325; Ga. L. 1968, pp. 565, 706) or its merger or consolidation with another corporation (Code Ann. § 22-1007 (b)(5); Ga. L. 1968, pp. 565, 675), any pending actions by such a corporation can proceed as if the dissolution, merger or consolidation had never taken place. "In case of any transfer of interest the action may be continued by . . . the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party . . ." Code Ann. § 81A-125(c) (Ga. L. 1966, pp. 609, 634).

In *Employers' Liab. Assur. Corp. v. Keelin,* 132 Ga. App. 459 (2) (208 SE2d 328) (1974), the merger of the corporation had occurred *prior to* the filing of the action by the corporation which had been dissolved; hence the nominal plaintiff was no longer a legal entity. This court, in affirming the sustaining of the defendants' motions for directed verdict in that case, recognized that the situation would have been altogether different if, as in the case sub judice, the suit had been instituted by a corporation which had not yet been dissolved, merged or consolidated, in which case "the action could proceed as if the merger had never taken place, or the surviving corporation could be

substituted as a [party]." *Keelin,* supra, p. 463.

Although the plaintiff offered to amend its complaint to meet the defendant's motion for directed verdict, it was not required to do so under the above-mentioned statutes and case.

2. The verdict and judgment were authorized by evidence that the work had been completed by the plaintiff and accepted as satisfactory by the defendant, who acknowledged his indebtedness. The parties' agreement — that the defendant could reduce the amount of his indebtedness by commissions or finder's fees for work he might refer to the plaintiff — did not amount to a conditional promise to pay off the balance with the comisssions or finder's fees, which was canceled by the plaintiff's transferral of the defendant's account to a successor corporation, preventing the defendant's performance of the condition, as the defendant contends. The evidence showed that the parties anticipated that the payment of the balance due (whether by cash, or credits for commissions or finder's fees, or a combination of the two) was to be made by the time the work was completed. The evidence also showed that the balance due, which was recovered under the verdict and judgment, represented the amount remaining after such credits as the defendant had earned had been allowed him.

Moreover, even if the promise to pay be considered conditional upon the defendant's actions, he could still be found liable under the circumstances. " 'When the existence of a debt is conditional on the happening of some event, payment cannot be enforced until that event happens; but when payment of an existing liability is postponed until the happening of an event which does not happen, payment must be made within a reasonable time.' " *MacLeod v. Belvedale, Inc.,* 115 Ga. App. 444, 446 (3) (154 SE2d 756) (1967) and cits.

3. The trial judge did not err in quashing the appellant's notice to produce, filed on the Friday before the Monday trial date, as being unreasonable, oppressive and too voluminous. Appellant's counsel had known of the trial date for over a month. Also, certain of the documents requested, which were available, were voluntarily produced. Finally, the purpose of the notice to produce —

to show that the nominal party plaintiff had gone out of business after the filing of this action — was not relevant, under our holding in Division 1 hereinabove.

The verdict and judgment were not erroneous for any of the reasons urged.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 6, 1977 — DECIDED MARCH 3, 1977 — REHEARING DENIED MARCH 16, 1977 —

*Grizzard & Simons, Eugene R. Simons, Jere F. Wood,* for appellant.

*M. Kenneth Doss, Richard P. Decker,* for appellee.