### 56547. L. GREGG IVEY, INC. v. LAND.
### 56548. L. GREGG IVEY, INC. v. COMER.

SHULMAN, Judge.

In June, 1973, appellant corporation executed two promissory notes for $10,000, one to each appellee herein. The first clause of each of the notes reads as follows: "For value received, L. Gregg Ivey, Inc. promises to pay to the order of [appellee] the principal sum of Ten Thousand and No/100 ($10,000.00) Dollars, in legal tender of the United States, to be due and payable in [sic] the date of the closing of the sale of the thirtieth (30th) lot of Whisper Wood Subdivision (i.e., at such time as the 30th of the 32 lots have been sold)." In April, 1977, appellees filed separate suits on the notes they held. They alleged that the subdivision had been foreclosed on and sold and that such foreclosure sale was a sale within the contemplation of the notes, making the notes due and payable. Appellant answered that the foreclosure sale was not the sale contemplated in the note and that, since the foreclosure prevented it from ever selling the 30th lot, the notes could never come due, for which reason it was relieved of the debt. All parties moved for summary judgment. These appeals, which shall be treated as one for convenience, are from the grant of summary judgments for appellees and from the denial of appellant's motions for summary judgment.

1.  Appellant and appellees agree that the language in the notes concerning the due date thereof is unambiguous and susceptible of only one interpretation. They differ only in their interpretations of that language. We, however, cannot agree that the language is unambiguous.

Appellant insists that the "sale" referred to in the note could only be a sale by it; appellees contend that the

foreclosure sale satisfied the condition which would make the notes due. Those interpretations are mutually exclusive, but neither of them is patently unreasonable. Since, therefore, the language in the notes concerning their due dates is ". . .of uncertain meaning, and may be fairly understood in more ways than one" (*Dorsey v. Clements,* 202 Ga. 820, 823 (44 SE2d 783)), that term of the note is ambiguous.

Of course, even ambiguous contracts may be construed by the courts, and a jury question is presented only when the application of the rules of construction fails to resolve the ambiguity. *American Cas. Co. v. Crain-Daly Volkswagen, Inc.,* 129 Ga. App. 576 (2) (200 SE2d 281). Resort to the rules of construction having been fruitless, the interpretation of the due date provisions of the notes must depend on the intention of the parties. That issue is one for a jury. *Williams v. McCoy Lumber Industries,* 146 Ga. App. 380 (3) (246 SE2d 410).

2. Appellant argues that, even if the due date provision of the notes is ambiguous, it is entitled to summary judgment because it submitted evidence of the intention of the parties. In its verified answer to the complaints, appellant made the following statement: "Defendant shows further that it was the intent of the parties in the making of said note that the indebtedness would not become due and payable unless and until 30 of the 32 lots in said subdivision has been sold by defendant."

Appellant's statement in its answers would not support the grant of its motions for summary judgment. Construing the evidence most strongly against appellant as movant for summary judgments (*Marsh v. Berens,* 237 Ga. 135 (227 SE2d 36)), appellant's statement is a conclusion rather than an affirmative statement of fact. See *Silver v. Shoob,* 26 Ga. App. 31 (105 SE 312). Such a conclusion will not support the grant of summary judgments. *Mica-Top Fixture Co. v. Frank G. Shattuck Co.,* 124 Ga. App. 100 (1) (183 SE2d 15). There was no error in denying appellant's motions for summary judgment.

3. There is yet another reason to affirm the denial of appellant's motions for summary judgment: it is not

entitled to the holding it sought in these cases, i.e., that, because of the impossibility of appellant selling the 30th lot, the notes would never become due and payable. Appellant's desired result is unattainable because the ambiguity in the notes is limited to the due date provision.

"The reference to the closing. . . 'was for the purpose of specifying a *time* of payment, and not *as a condition* upon the occurring of which, only, the money was to be repaid.' [Cit.] Thus there is a distinction between a condition to the creation of an obligation and a condition merely as to the time of its performance. Here the promise to repay, though seemingly conditional, imported an absolute liability. 'When the existence of a debt is conditional on the happening of some event, payment cannot be enforced until the event happens; but when payment of an existing liability is postponed until the happening of an event which does not happen, payment must be made within a reasonable time.' [Cits.]" *MacLeod v. Belvedale, Inc.,* 115 Ga. App. 444, 446 (154 SE2d 756).

The importance of the above-quoted holding is that, even if the jury should agree with appellant that the only sale contemplated by the note was a sale by appellant, the impossibility of that sale will not, as appellant contends, extinguish the debt. In that event, the jury will be presented with a question as to what, in this case, constitutes a reasonable time for payment to become due.

*Judgment reversed in part; affirmed in part. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED JANUARY 11, 1979.

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for appellant.

*Sellers, Lane, Wilson & Atkinson, Dick Wilson, Jr.,* for appellees.