## 59805. WORLDS v. WORLDS.

CARLEY, Judge.

The instant appeal arises from a case involving the construction of a separation agreement between appellee Doryce Worlds and her former husband Glenn Worlds.

The Worlds were divorced in 1973 after 28 years of marriage. Incorporated into the divorce decree was a separation agreement which provided in paragraph 2 thereof as follows:

"2. *Child Support.* Husband agrees to pay to Wife for the support and maintenance of said child the sum of $100.00 per month, said sum being payable the first of each month, beginning January 1, 1973 and continuing until such time as such child shall have reached the age of eighteen years, dies, marries, becomes self-supporting, or enters the armed forces. Husband further agrees to maintain all present Life Insurance upon himself with Wife as primary beneficiary and son as contingent beneficiary.

"Wife accepts the provision provided herein as full and final settlement of all claim which she may have now or hereafter and agrees that such provisions are fair and equitable under all circumstances."

Shortly after the finalization of his divorce from appellee, Glenn Worlds married Ruth Worlds, the appellant in this case. Before his death in 1978, Worlds changed the beneficiary of his life insurance policy from appellee to appellant. The instant action arose after Worlds' death when appellee learned of the change in beneficiaries. Appellee sued appellant for the proceeds of Worlds' life insurance policy, contending that the terms of the separation agreement prohibited Worlds from changing the beneficiaries of the policy. Appellant opposed the suit on the ground that the life insurance provision of the subject separation agreement was intended to serve as child support for Worlds' son and that the son had attained the age of majority prior to the time at which Worlds changed the beneficiaries of the policy.

Both parties moved for summary judgment contending that the provisions of the separation agreement were unambiguous and clearly in favor of their respective positions. After expressly utilizing the rules of construction set forth in Code § 20-704 to construe the

language of the agreement, the trial court granted summary judgment to appellee and denied appellant's motion.

In her sole enumeration of error, appellant asserts that "[t]he Lower Court erred in granting appellee's Motion for Summary Judgement since the terms of the agreement, subsequently incorporated into the divorce decree, were ambiguous and thus a matter for resolution by jury."

We find appellant's argument to be meritorious. In our view, the question of whether the life insurance provision of the agreement was intended by the parties to be child support or a property settlement was not susceptible to resolution by the trial court even after the rules of construction set forth in Code § 20-704 had been applied. The trial court thus erred in granting summary judgment to appellee. See *Davidson v. Baier Corp.,* 151 Ga. App. 314 (259 SE2d 707) ( 1979); *L. Gregg Ivey, Inc. v. Land,* 148 Ga. App. 667 (252 SE2d 88) (1979).

Appellee's contention that appellant should now be estopped from claiming that the provisions of the agreement are ambiguous because appellant advanced the opposite position in her motion for summary judgment is without substance. "In motion practice it is frequently said (just as was said concerning the demurrer of old) that a motion 'admits' certain allegations of the opponent. It must be remembered that this 'admission' is purely for the sake of argument and to enable the court to arrive at the law uncluttered with questions of fact. It is a temporary negative admission, that is to say, a mere failure to deny for an immediate purpose, and *does not constitute a positive admission or estoppel for later phases of the case.*" (Emphasis supplied.) Davis and Shulman's Georgia Practice and Procedure, 4th ed., § 9-3 at 151. See also *Allen v. Myers-Dickson Furniture Co.,* 122 Ga. App. 194 (176 SE2d 508) (1970); Prepo Corp. v. Pressure Can Corp., 234 F2d 700, 702 (7th Cir. 1956).

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED APRIL 10, 1980 — DECIDED JUNE 12, 1980.

*Tom Strickland,* for appellant.
*William C. Head,* for appellee.