## 60136. HARWOOD et al. v. GREAT AMERICAN MANAGEMENT AND INVESTMENT, INC. et al.

SHULMAN, Judge.

Plaintiffs appeal the grant of defendants' (partners in an unincorporated association) motion for summary judgment on the issue of their individual liability on a debt of their association, Jonesboro Investment Trust Association (hereinafter "Jonesboro"). We affirm.

The pertinent facts are as follows: On April 28, 1972, Jonesboro (comprised solely of appellees Charles J. Driebe and George E. Glaze) entered into a loan agreement with Great American Mortgage Investors (hereinafter "GAMI") for a loan of $2,200,000, which agreement contemplated the permanent funding of the loan by plaintiffs-appellants. In addition to a promissory note, Jonesboro (represented by Driebe and Glaze) executed a guaranty of payment to GAMI (only) and a deed to secure debt pledging an apartment project to secure the note. Each of the documents was signed by appellees Driebe and Glaze solely as members and trustees of Jonesboro and not in their individual capacity. Additionally, all three documents expressly excluded Driebe and Glaze from any personal liability in regard to the above transactions.

As contemplated by the parties, GAMI, conveyed the note and security deed to appellant on November 19, 1973, whereupon three additional documents were executed. Two of the agreements, while amending the terms of the note and security deed, expressly provided that, except for such noted changes, all other provisions of the

original note and security deed would remain in full force and effect, e.g., the exclusion of the personal liability of Driebe and Glaze. It is on the third agreement that appellants base their contention of appellees' personal liability.

The agreement in question states in pertinent part as follows: that in the event the secured property is sold pursuant to the power of sale contained in the security deed for less than the then outstanding balance on the promissory note, "Jonesboro does guarantee to pay to [plaintiffs] the amount by which [the balance due on the note] exceeds the sale price of such property up to a total of Two Hundred Thousand (200,000.00) Dollars."

Although the above agreement did not expressly exclude Driebe and Glaze from personal liability (as the sole partners of Jonesboro), the trial court held, and we agree, that when read together the three agreements entered into contemporaneously on November 19, 1973, (which in turn incorporated by reference the original promissory note and deed to secure debt) irrefutably dictate the finding that it was not the parties' intention to hold the defendants Driebe and Glaze personally liable for the deficiency balance. Such documents entered into contemporaneously with, or incorporated by reference into, the agreement at issue evidence the parties' intentions not to bind defendants Driebe and Glaze personally on the debt of Jonesboro. To hold otherwise would render such documents entered into simultaneously with the agreement in question inconsistent and render the language in such other agreements (excluding defendants from personal liability) nugatory. See in this regard *Gray v. Cousins Mtg. &c. Inv.,* 145 Ga. App. 889, 891 (245 SE2d 58), holding that "[a] construction which will uphold all parts of the contract [or contracts] is to be preferred to one which gives rise to contradictions and lack of meaning." See also *Anderson v. Brown,* 72 Ga. 713 (2a).

Since the trial court's determination that the defendants were not intended to be held personally liable on the agreement is the only interpretation consistent with the clear import of every other relevant document entered into between the parties, the grant of defendants' motion for summary judgment on the issue of their personal liability must be affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JUNE 17, 1980 — DECIDED SEPTEMBER 8, 1980 — REHEARING DENIED OCTOBER 7, 1980 —

*Max Olim, Jay E. Loeb,* for appellants.
*Charles J. Driebe, George E. Glaze, John D. Corse, Bruce B.*

*Weddell, John R. Harris,* for appellees.