### 60485. McCAFFERTY v. HERRING.

SHULMAN, Presiding Judge.

Plaintiff brought suit to recover under the terms of a note executed pursuant to a divorce settlement agreement. The relevant provision of the settlement agreement required defendant to execute a "non-interest bearing note payable to the wife [plaintiff] in the amount of Twenty-Two Thousand ($22,000.00) Dollars. Said note shall be made due and payable upon the sale or transfer of the residence of the Husband or upon the death of the Husband [defendant]." The promissory note executed by defendant pursuant to the separation agreement omitted the language requiring payment upon the death of the defendant.

Although· defendant was still in life and had not sold or otherwise transferred the property at the time plaintiff brought suit, it was plaintiff's contention that payment was nonetheless due on the note, since a reasonable time (one year) had expired for the sale or transfer of the property.

Defendant, on the other hand, argued that the plain and clear terms of the agreement and note controlled the time of his payment

and that payment on the note was not therefore due until the occurrence of one of the events so specified (i.e., defendant's sale or transfer of the property, or at his death).

We agree with defendant-appellee's contentions and, accordingly, affirm the judgment of the trial court.

The trial court properly construed together both the separation agreement and the promissory note in making its determination that the omission of some of the language of the separation agreement was inadvertent; and that, therefore, it was intended by and within the contemplation of both parties that the terms of the promissory note conform to the separation agreement. See in this regard *Harwood v. Great Am. Mgt. &c., Inc.,* 156 Ga. App. 22 (274 SE2d 5). That being so, the terms of the agreement and note provided, as stated above, for payment to be made upon defendant's death or at his prior sale or transfer of the property.

Although we agree with appellant that the agreement and note in question create an absolute liability on the part of the defendant to pay plaintiff the sum specified in the note and agreement, we cannot agree that *L. Gregg Ivey, Inc. v. Land,* 148 Ga. App. 667 (252 SE2d 88), thus compels the trial court's implication of a reasonable time for performance of the note and agreement. Contrary to appellant's contentions, *L. Gregg Ivey, Inc.* does not stand for the proposition that when a promise to pay is unconditional it is enforceable within a reasonable time, regardless of time limitations otherwise set forth in the agreement. Rather, citing *MacLeod v. Belvedale, Inc.,* 115 Ga. App. 444, 446 (154 SE2d 756), *L. Gregg Ivey, Inc.* holds that when " 'payment of an existing liability is postponed until the happening of an event *which does not happen,* payment must be made within a reasonable time.' " (Emphasis supplied.) Id., Division 3.

In the instant case, payment has been postponed until the happening of an event, but it is inevitable that one of the events specified in the note and agreement *will* occur (e.g., it is inevitable that appellee will die). Thus, we are not presented here, as was contemplated in *L. Gregg Ivey, Inc.,* with the situation where an event, the occurrence of which is to trigger a party's contractual performance, does not, or cannot, occur. Therefore, a contention that an affirmance of the trial court's refusal to imply a reasonable time for the sale or transfer of the property would deprive appellant of the money owed her pursuant to the parties' note and agreement is incorrect. It will obviously delay her receipt of the money, but such a delay was clearly contemplated by the parties. See *Coffee System of Atlanta v. Fox,* 227 Ga. 602 (182 SE2d 109), wherein the Supreme Court refused to extend the time limitations for performance of a contract beyond the one year specified in the parties' agreement,

holding that "[c]ourts do not make contracts for the parties. The contingency . . . could have been provided for in the agreement, but was not."

Although we recognize that affirming the lower court's judgment might thwart a reasonable purpose of the divorce settlement agreement — that the plaintiff wife during her life should receive a portion of the equity in the former residence of the parties (inasmuch as plaintiff might not be in life at the time such property is sold or transferred by defendant, or otherwise at defendant's death) — such was a contingency which could have been provided for in the contract. See also 17A CJS 783, Contracts, § 503 (1) b, stating that the rule of reasonable time does not apply to a contract definitely fixing the time.

Since the note and agreement specifically set forth the time for payment of the note upon the occurrence of certain specified events, one of which will necessarily occur at some future date, we find no error in the trial court's denial of plaintiff's demand for immediate payment on the note.

*Judgment affirmed. Deen, P. J., Banke, Birdsong, Carley and Pope, JJ., concur. Quillian, C. J., McMurray, P. J., and Sognier, J., dissent.*

DECIDED FEBRUARY 10, 1981 —
. REHEARING DENIED MARCH 2, 1981 —

*William Boyd Lyons,* for appellant.
*M. T. Simmons,* for appellee.

QUILLIAN, Chief Judge, dissenting.

Plaintiff brought an action to recover under the terms of a note executed pursuant to a divorce settlement agreement. The plaintiff appealed from the trial judge's finding for the defendant after a bench trial was had.

The facts are as set forth in the trial judge's order: "1. Plaintiff and defendant were formerly married and divorced on February 11, 1977. The divorce decree ordered the parties to abide by a settlement agreement dated January 5, 1977, which they had both executed. Paragraph 4 of that settlement agreement provided as follows:

"'The Husband shall execute a non-interest bearing note payable to the Wife in the amount of Twenty-Two Thousand ($22,000.00) Dollars. Said note shall be made due and payable upon the sale or transfer of the residence by the Husband or upon the death of the Husband.'

"2. Pursuant to that agreement, and on January 5, 1977,

immediately following execution of the agreement, the defendant executed a promissory note payable to the plaintiff in the amount of $22,000.00. The note provided as follows:

" 'The sum of $22,000.00 shall be due and payable upon the sale or transfer of the real estate located at 1594 Kingsdown Circle, Dunwoody, Georgia 30338'.

"3. The failure to include 'or upon the death of the husband' in the note was the result of inadvertence and was a scrivener's error by the attorney who prepared the agreement and the note. The note was prepared by the attorney representing the defendant (husband) in. the divorce action between the parties.

"4. The real estate described in the note is the same as the residence referred to in the settlement agreement.

"5. The defendant has not sold or transferred the real estate. Plaintiff has brought this action to recover the $22,000.00 plus interest and attorney's fees. Both parties have waived a jury trial.

"6. Plaintiff on March 9, 1978, demanded payment of the principal amount of the note, plus interest and attorney's fees in accordance with Georgia Code Annotated 20-506.

"7. If the note is found to be payable within a reasonable time a reasonable time would be one year from date of execution.

"8. The agreement and the note must be construed together."

The trial judge found that the obligation represented by the note is not payable until the sale or transfer of the residence by the defendant or until his death; that the instruments created a condition upon the occurrence of which the money is to be paid; that no obligation to sell or transfer the residence is imposed upon the defendant by the instruments in question. The majority opinion affirms this judgment. I respectfully dissent.

"Where an instrument purports to be payable upon the happening of a certain event, the question which must precede any inquiry as to the time of payment, assuming that the event has not happened, is whether the instrument imports an absolute liability." 17 AmJur2d 776, Contracts, § 339. Hence, the crucial issue presented is whether the language in question was for the purpose of specifying a time of payment or was a condition upon which payment would be made. "[T]here is a distinction between a condition to the creation of an obligation and a condition merely as to the time of its performance . . . 'When the existence of a debt is conditional on the happening of some event, payment cannot be enforced until the event happens; but when payment of an existing liability is postponed until the happening of an event which does not happen, payment must be made within a reasonable time.' " *MacLeod v. Belvedale, Inc.,* 115 Ga. App. 444, 446 (3) (154 SE2d 756). Accord, *Rosing v. Dwoskin*

*Decorating Co.,* 141 Ga. App. 617, 619 (2) (234 SE2d 128); *L. Gregg Ivey, Inc. v. Land,* 148 Ga. App. 667, 669 (3) (252 SE2d 88); *Eaton v. Yarborough,* 19 Ga. 82.

The Georgia cases comport with authority of other states which set forth the maxim that where an obligation is made payable when certain land is sold, normally it is interpreted to be payable at the expiration of a reasonable time for effecting the sale. Fraga v. Evans, 90 Cal. App. 2d 529 (203 P2d 89); Branch v. Lambert, 103 Or. 423 (205 P 995); Duncan Box & Lumber Co. v. Sargent, 126 W. Va. 1, (148 ALR 1072, 27 SE2d 68).

"If the instrument, read in the light of the surrounding circumstances, shows that the debt is an absolute one, it is reasonable to suppose that the parties intended that a reasonable effort should be made to cause the event to happen within a reasonable time . . . [W]here the promise is to pay out of a fund to be realized in a certain way, there is an implied obligation to use reasonable diligence in performing the act upon which payment is contingent. In default of such diligence, payment becomes due without performance of the condition." 17 AmJur2d 776, 777, Contracts, § 339, supra. In Nunez v. Dautel, 86 U. S. 560 (22 LE 161) the paper in question contained a promise to pay "as soon as the crop can be sold or the money can be raised from any other source." The court held: "No time having been specified within which the crop should be sold or the money raised otherwise, the law annexed as an incident that one or the other should be done within reasonable time, and that the sum admitted to be due should be paid accordingly. Payment was not conditional to the extent of depending wholly and finally upon the alternative mentioned. The stipulations secured to the defendants a reasonable amount of time within which to procure in one mode or the other the means necessary to meet the liability. Upon the occurrence of either of the events named or the lapse of such time, the debt became due. It could not have been the intention of the parties that if the crop were destroyed, or from any other cause could never be sold, and the defendants could not procure the money from any other source, the debt should never be paid. Such a result would be a mockery of justice." Id. p. 562.

In the case sub judice, the provision for payment was incorporated as part and parcel of the separation agreement between the parties. The obvious purpose was to compensate the wife for the inevitable loss of her rightful share of the couple's residence. With the dissolution of the family, she would suffer the deprivation of a place to live, her former home.

Thus, it is clear that the plaintiff wife was entitled to the payment and that the provision of the agreement and the note was

designed to refer to the time when such payment was due. To construe the parties' intention otherwise would be to create a condition which might not occur during the plaintiff wife's life and thus thwart a reasonable purpose of the divorce settlement agreement — that the wife should receive a portion of the equity in the former residence of the parties. This, as described in Nunez, supra, would be a "mockery of justice." A fairer interpretation would be that payment was not conditional on the happening of one of the alternatives, but the stipulation set forth a reasonable time and method for the debtor to procure the proceeds to meet the liability.

In my view, therefore, the promise to pay imported an absolute liability, and the language employéd referred to the time of performance and payment was not conditioned on the happening of one of the events.

I am authorized to state that Presiding Judge McMurray and Judge Sognier join in this dissent.