## 61694. BELK & COMPANY v. MILLENDER SALES CORPORATION.

McMURRAY, Presiding Judge.

This action for a real estate broker's commission arises from the execution of an "Exclusive Right to Sell" agreement between Belk & Company (Belk), a real estate broker, and Millender Sales Corp. (Millender), the former owner of an apartment complex. Under the terms of the agreement Millender promised to pay Belk a commission if its apartment complex was sold "by anyone else, including myself [Millender], during the term of . . . [the] . . . contract." The agreement had as a condition that, "[t]his contract excludes Fikry Shiharta [Shihata] for a period of 30 days . . . [from] . . . listing dates."

Shihata had expressed interest in the property and was negotiating with Millender in regard to the property prior to the date of the contract. Within 30 days after the listing date Shihata, along with another individual, Dean, entered into a contract with Millender for the purchase and sale of the apartment complex. The sale was consummated, and under the deed conveying the apartment complex to Shihata and Dean, as tenants in common, Shihata received a 60 percent interest and Dean a 40 percent interest.

Belk brought this action for the real estate broker's commission. Upon the trial of the case, the verdict was directed in favor of defendant Millender and against plaintiff Belk. Belk appeals, contending that the participation of Dean in the purchase partially, if not completely, obviates the condition of the contract excluding sales to Shihata so that it is entitled to a commission. *Held:*

The language of the contract executed by the parties is ambiguous in that it fails to address whether and to what extent the broker has a right to commissions under the circumstances which have developed in the case sub judice. "Of course, even ambiguous contracts may be construed by the courts, and a jury question is presented only when the application of the rules of construction fails to resolve the ambiguity. *American Cas. Co. v. Crain-Daly Volkswagen, Inc.,* 129 Ga. App. 576 (2) (200 SE2d 281)." *L. Gregg Ivey, Inc. v. Land,* 148 Ga. App. 667, 668 (1) (252 SE2d 88).

Interestingly, it is Millender that urges application of the rule that a contract be construed against its author. See in this regard *Kennedy v. Brand Banking Co.,* 245 Ga. 496, 500 (2) (266 SE2d 154); Code Ann. § 20-704 (5) (Ga. L. 1964, pp. 414, 415). Although the contract is for the most part a preprinted form which must be deemed to have been authored by Belk, the uncontroverted evidence shows that the exclusionary condition as to Shihata was authored by an agent of and inserted for the benefit of Millender. The exclusionary provision must therefore be construed against Millender. *Calhoun v. Lemon,* 192 Ga. 186, 187 (1a) (14 SE2d 710).

Application of the rules of construction, including the above mentioned rule as to construction against the author, fails to provide a solution. The meaning of the exclusionary provision is uncertain in that it may be fairly understood in more ways than one. Interpretation of the exclusionary provision of the contract depends on the intention of the parties as determined by a jury. The trial court erred in taking this issue from the jury by granting defendant's motion for directed verdict. *L. Gregg Ivey, Inc. v. Land,* 148 Ga. App. 667, 668 (1), supra; *Worlds v. Worlds,* 154 Ga. App. 850, 851 (270 SE2d 68).

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED MAY 13, 1981.

*Robert B. Adams,* for appellant.
*Warren N. Coppedge, Jr.,* for appellee.