## 63738. THORNTON v. DAVIS.

CARLEY, Judge.

Plaintiff-appellant brought suit to recover the balance of the contract price for certain construction work on defendant-appellee's building. Appellee filed an answer and a counterclaim. The case was tried before a jury and a verdict was returned in favor of the appellee

in the main action and in favor of appellant on the counterclaim. Appellant appeals from the entry of judgment on the jury's verdict.

1. The general grounds are without merit. See generally *Mullinax v. Singleton,* 139 Ga. App. 704 (229 SE2d 518) (1976).

2. The evidence authorized a finding that, not because of appellee's breach of the contract, but as a result of appellant's failure to perform in a satisfactory and workmanlike manner, the work had not been completed according to the terms of the contract. See generally *Southern Mfg. Co. v. R. L. Moss Mfg. Co.,* 13 Ga. App. 847 (81 SE 263) (1937). Compare *Poythress v. Hucks,* 56 Ga. App. 657 (2) (193 SE 475) (1937); *Gellis v. B. L. I. Constr. Co.,* 148 Ga. App. 527, 535 (I) (251 SE2d 800) (1978). It was not error to instruct the jury, in essence, that in such event there could be no recovery of the unpaid balance under the contract and no enforcement of its collection by a lien foreclosure. *Southern Mfg. Co.,* 13 Ga. App. 847, supra. See also *Jones v. Ely,* 95 Ga. App. 4 (96 SE2d 536) (1957); *MacLeod v. Belvedale, Inc.,* 115 Ga. App. 444 (154 SE2d 756) (1967). Enumerations asserting error in the jury charge are meritless.

3. One of the grounds raised in appellant's motion for new trial was the discovery of "new" evidence. On appeal, appellant enumerates as error the failure to grant his motion for new trial on this ground. We find no basis for reversal for any reason assigned. See generally *Atlanta Warehouses v. Housing Authority,* 143 Ga. App. 588, 591 (3) (239 SE2d 387) (1977).

4. During the course of direct examination of a witness for appellant, the trial court sustained appellee's relevancy objection to a question propounded to the witness. The exclusion of the witness's answer is enumerated as error. Review of the transcript demonstrates no basis for the assertion of reversible error in this regard. See generally *Williams v. Tribble,* 140 Ga. App. 390 (231 SE2d 86) (1976).

5. Error, if any, in the denial of appellant's motion for directed verdict as to appellee's counterclaim would be harmless in view of the jury's verdict for appellant on that claim. See generally *Ramsey Brick Sales Co. v. Outlaw,* 152 Ga. App. 37, 39 (4) (262 SE2d 227) (1979).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JUNE 23, 1982.

*Michael B. Perry,* for appellant.
*Stephen L. Berry, Phillip M. Eddings,* for appellee.